VARDEMAN ET AL., APPELLANTS, *v.* LLEWELLYN, APPELLEE.

[Cite as Vardeman v. Llewellyn (1985), 17 Ohio St. 3d 24.]

(No. 84-192—Decided April 24, 1985.)

*Nicodemo & Wilkof* and *Jeffrey S. Wilkof,* for appellants.

*Amerman, Burt & Jones Co., L.P.A., James R. Brandon* and *David T. Moss,* for appellee.

*Per Curiam.*   In 1974, the General Assembly enacted R.C. Chapter 5321, which embodies what is commonly known as the Ohio Landlord-Tenant Act. The Act codifies the law of this state regarding rental agreements for residential premises, and governs the rights and duties of both landlords and tenants. This case presents the court with an opportunity to review the meaning and intent of one of these sections, R.C. 5321.16 and, more specifically, subsections (B) and (C) thereof.

These subsections deal particularly with aspects of the termination of the tenancy, including the rights and duties of the landlord and tenant regarding the disposition of rental security deposits. "Security deposit," as defined in R.C. 5321.01(E), means "any deposit of money or property to secure performance by the tenant under a rental agreement." A number of appellate districts in the state have interpreted various aspects of subsections (B) and (C), and have arrived at different conclusions.

In its entirety, R.C. 5321.16 states as follows:

"(A)   Any security deposit in excess of fifty dollars or one month's periodic rent, whichever is greater, shall bear interest on the excess at the rate of five per cent per annum if the tenant remains in possession of the premises for six months or more, and shall be computed and paid annually by the landlord to the tenant.

"(B)   Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant

shall not be entitled to damages or attorney fees under division (C) of this section.

"(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees."

Under these provisions, there are numerous rights and duties clearly spelled out for both landlords and tenants. While not specifically involved in this discussion, subsection (A) mandates that a landlord compute and pay interest on the security deposit to a tenant. Subsection (B) permits the landlord, upon termination of the rental agreement, to apply the security deposit in payment of any past due rent and for damages the landlord may have suffered by reason of the tenant not having complied with the requirements of R.C. 5321.05. Subsection (B) further requires the landlord to itemize and identify any lawful deduction withheld from the security deposit upon termination of the tenancy. This itemization and identification of the deductions must be submitted in writing in a notice delivered to the tenant, "together with the amount due" the tenant. This dictate shall be accomplished by the landlord within thirty days after termination of the rental agreement and delivery of possession.

Subsection (B) also requires a tenant to provide a landlord with a forwarding or new address in writing, to which the written notice and amount due may be sent. It is important to note that the failure of the tenant to provide the landlord with a forwarding address does not foreclose the tenant's right to seek recovery of the security deposit, but merely precludes the tenant from seeking damages and attorney fees as provided in subsection (C).

The subsection specifically involved herein, R.C. 5321.16(C), allows the tenant in a given case to recover the security deposit "due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees." It is essential to note that the provisions of this section do not preclude a landlord from obtaining rent due under an agreement or from seeking redress for any damage done by the tenant to the rental property. The rights of the parties may be judicially determined in an action by the tenant under R.C. 5321.16 with a counterclaim by the landlord, as here, or within a separate action brought by the landlord seeking damages pursuant to R.C. 5321.05(C).

The determination of this case requires the resolution of the meaning of the terms "amount due" and "money due" the tenant, and the term "wrongfully withheld" from the tenant, all within R.C. 5321.16(B) and (C). The meanings of these words as advanced by the parties herein are diametrically opposed to each other.

Appellants argue that where the landlord does not comply with the notice provisions of R.C. 5321.16(B), then the landlord would, under the provisions of R.C. 5321.16(C), be liable for an amount equal to the amount

of the tenant's security deposit plus an equal amount in damages; *i.e.,* twice the security deposit plus reasonable attorney fees. Stated another way, appellants take the position that on the thirty-first day following termination of the rental agreement and delivery of possession, the landlord, if he has not delivered the notice containing an itemization of any deductions from the security deposit, is automatically liable to the tenant for an amount equal to twice the security deposit plus reasonable attorney fees. However, appellants recognize that the landlord may assert his claim for any rents due and damages to the premises by way of a counterclaim or separate action even in the absence of an itemization notice. Appellants cite *Sherwin* v. *Cabana Club Apartments* (1980), 70 Ohio App. 2d 11 [24 O.O.3d 11], in support of their position.

In contrast, appellee contends that a landlord, who fails to comply with R.C. 5321.16(B) relative to notice, is liable for double damages only as to the amount that was wrongfully withheld, which would be the amount of security deposit less the legitimate damages that the landlord could deduct. Appellee cites the case of *Dwork* v. *Offenberg* (1979), 66 Ohio App. 2d 14 [20 O.O.3d 36], and a number of unpublished appellate court decisions in support of his position.

The Landlord-Tenant Act must be interpreted in such a manner that fair and equitable treatment will be afforded to both landlords and tenants. In many instances, the statute may be reasonably construed as having been enacted with the recognition of some degree of imbalance in the stance of the tenant in his dealings with the landlord; however, we must not construe any portion of the Act so as to render an inequity on the landlords of this state.

As seen by this court, the intent of the General Assembly in enacting R.C. 5321.16(B) and (C) was three-fold. One, to specifically permit the landlord, upon termination of the rental agreement, to deduct from the rental deposit any unpaid rents and actual damages to the premises occasioned by the tenant. Two, to require prompt refunds of all or part of the security deposit or, in the alternative, to provide an explanation to the tenant why all or any part of the deposit was not returned to him. And, three, to provide a penalty by way of damages and reasonable attorney fees against a noncomplying landlord for the wrongful withholding of any or all of the security deposit.

Had the General Assembly desired to penalize a landlord for failure to itemize the deductions by automatically rendering him liable for the full amount of the security deposit plus damages in a like amount and attorney fees, it could have readily utilized language to do so. However, the General Assembly chose not to impose such a penalty, but instead specified the damages the tenant is entitled to recover in terms of "property and money due * * * [the tenant]" and "damages in an amount equal to the amount wrongfully withheld and reasonable attorneys fees."

Therefore, we hold that the terms "amount due" in subsection (B) and

"money due" in subsection (C) mean the security deposit, less any amounts found to be properly deducted by the landlord for unpaid rent and damages to the rental premises pursuant to R.C. 5321.16(B) or pursuant to the provisions of the rental agreement. In accordance therewith, we hold that the term "amount wrongfully withheld" means the amount found owing from the landlord to the tenant over and above any deduction that the landlord may lawfully make. We accept and give accord to this interpretation of that language as was found in *Dwork, supra,* and a number of unreported opinions by appellate courts of this state.

Accordingly, the failure to comply with R.C. 5321.16(B) and to provide the tenant with a list of itemized deductions renders the landlord liable for double damages only as to the amount wrongfully withheld and not as to the entire amount of the security deposit. This was the interpretation given to the statute by the lower courts herein and we agree with such interpretation.

Turning our attention to the issue of attorney fees which are provided for in R.C. 5321.16(C), we believe such fees may be awarded only when a tenant prevails on his claim for damages based upon the trial court's finding that the landlord has wrongfully withheld any amount due the tenant. Attorney fees have been provided within this section as a further penalty to the landlord who has not given the tenant an itemization and explanation for any amounts withheld, and where there is the finding that such amounts have been wrongfully withheld and not returned to the tenant. When the trier of the facts finds that the landlord has improperly held these funds, the award of attorney fees shall be exacted in that the tenant has in fact been damaged. However, where the trial court finds that the landlord has properly withheld the portion of the security deposit in question, it is reasonable to conclude that the tenant has not been damaged and may claim neither the double damages as heretofore discussed, nor the attorney fees as set forth in R.C. 5321.16(C).

We, therefore, affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, HOLMES and WRIGHT, JJ., concur.

LOCHER, C. BROWN and DOUGLAS, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent because I believe that the majority decision effectively emasculates the Landlord-Tenant Act ("Act") and clearly subverts the legislative pronouncement and intent. Today's decision permits every landlord, so inclined, to withhold refund of security deposits, secure in the knowledge that this court has held that the clear mandates of the statute can be ignored with impunity.

The majority properly sets forth the mandatory provisions of R.C.

5321.16(B) and points out that "[t]his itemization and identification of the deductions *must* be submitted in writing in a notice delivered to the tenant, 'together with the amount due' the tenant. This dictate *shall* be accomplished by the landlord within thirty days after termination of the rental agreement and delivery of possession." (Emphasis added.) Having noted this mandatory statutory provision and accepting, by the above language, its existence, the majority then promptly discards the precepts of the statute and ignores its clear proscriptions. The majority then sets forth the provisions of R.C. 5321.16(C) and, thereafter, completely disregards the language, "[i]f the landlord fails to comply with division (B) of this section." It is respectfully submitted that therein lies the misdirection of the majority decision.

Before the passage of the Act, tenants were often exploited by landlords who withheld security deposits with the knowledge that tenants would waive their rights rather than involve themselves in a legal process where the expense invariably exceeded the amount of the deposit. The purpose of considering the question of security deposits in landlord-tenant legislation was to insure the proper administration of such deposits by means of procedures designed to encourage tenant pursuit of legal remedies. Previously, upon performance of a lease or tenancy, the tenant was entitled to the return of the balance of the security deposit remaining after retention by the landlord of any amount to satisfy any rent owed or damages caused by the tenant. *Cain* v. *Brown* (1922), 105 Ohio St. 264. Even *prior* to the Act, then, the deposit was not forfeited. If the tenant sought to have the deposit returned (where there was no rent owing and no damage done), then the tenant would have to bring an action to recover the deposit, upon refusal to refund after proper demand. This clearly necessitated and promoted litigation.

The Landlord-Tenant Act was enacted in Ohio to prevent such needless litigation. Its purpose, with regard to the matter before us, is to require the prompt itemization of deductions and to further good faith negotiations, as opposed to litigation between the parties. With all of the complaints heard today about our litigious society, it seems strange that this court would render a decision which encourages litigation when a plain and literal reading of the statute provides a clear determination concerning a security deposit arising out of a landlord-tenant relationship.

R.C. 5321.16(B) contains language which mandates certain actions by both a tenant and a landlord. Simply ignoring the section does not make it go away. This section, in part, determines that the tenant "* * * *shall* provide the landlord in writing * * * a forwarding address * * *." (Emphasis added.) Furthermore, any deductions by the landlord from the security deposit "* * * *shall* be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession." (Emphasis added.)

There is no dispute in this case that the tenant complied with R.C. 5321.16(B) and the landlord did not comply. R.C. 5321.16(C) then mandates that "[i]*f the landlord fails to comply with division (B) of this section,* the tenant may recover the property and *money due him,* together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees." (Emphasis added.) At this point it should be stressed that the deposit belongs to the *tenant* — not the landlord! Thus, at the expiration of the lease term, plus thirty days as provided in R.C. 5321.16(B), the "money [is] due him [*i.e.,* the tenant]."

It should also be noted that the statute does very little to discourage excessive security deposits. Furthermore, there is no requirement that security deposits be placed in a separate account or in escrow so as to protect tenants from possible landlord insolvency or conversion. Beyond assuring equitable disposition of security deposits following termination, the Act does not regulate to any significant extent the landlord's use of such funds during the tenancy. In short, the systematic collection of security deposits provides for a landlord a source of free loans (except for the nominal restriction found in R.C. 5321.16[A]).

In the case before us, the appellants gave appellee a security deposit in the amount of $325. It is appellants' contention that upon non-compliance of appellee with R.C. 5321.16(B), on the thirty-first day after termination of the rental agreement and delivery of possession, appellants were entitled to the return of the deposit ($325) plus, pursuant to R.C. 5321.16(C), an amount equal to the sum ($325) wrongfully withheld or an additional $325. Appellants concede that the appellee would still retain his cause of action for any rent still due or for damage caused to the property. In this regard, I am persuaded by the well-reasoned opinion and language of Judge Krenzler in *Sherwin* v. *Cabana Club Apartments* (1980), 70 Ohio App. 2d 11, 18 [24 O.O.3d 11]:

"Thus, based on our interpretation of the statute, the landlord's obligation to either return the security deposit or provide notice and an itemization of deductions from the security deposit is not relieved merely because he has a damage action. If the landlord wishes to bring an action for damages, he must maintain it in a separate action or as a counterclaim in the tenant's action to recover his security deposit.

"The Landlords and Tenants Act provides for certain rights and responsibilities for tenants and landlords. See R.C. Chapter 5321. The Act attempts to balance the rights of tenants and landlords. As we have noted, the tenant's compliance with R.C. 5321.16(B), combined with the landlord's failure to comply, triggers significant rights for the tenant. However, if a tenant causes physical damage to the property, the landlord may seek recovery for this damage. See R.C. 5321.05 and 5321.12. The fact that the landlord does not comply with R.C. 5321.16(B) does not preclude him from seeking damages under R.C. 5321.05 and 5321.12. These are separate and independent provisions of the Landlords and

Tenants Act, and the recovery of damages by the landlord is an indepen-dent right providing for the recovery of damages to the property."

Accordingly, I would find for the appellants in the amount of $650 and enter a setoff for any sums found to be due appellee upon his counterclaim, as I am unable to find in the statute any provision that excuses the landlord-appellee from complying with his responsibility under the statute simply because he unilaterally determines that the amount of damages owed to him by the tenants-appellants is greater than the security deposit held by him.

The final issue before us regards the awarding of, and entitlement to, attorney fees in cases involving wrongful withholding of security deposits. The question arises as to whether in applying R.C. 5321.16(B) and (C), the award of fees is mandatory or discretionary. It is submitted that these pro-visions in the Act are designed to ensure the return of security deposits, wrongfully withheld, at no cost to the tenant. Understanding this, it is my view, as it was the view of the *Sherwin* court that where a landlord fails to return the security deposit of a tenant who has left a forwarding address, and ignores the statutory requirements of notice and itemization of damages, an award for reasonable attorney fees is mandatory.

Upon reflection, I suspect that my over-concern is unwarranted. Knowledgeable tenants and their lawyers will find a way to circumvent to-day's decision. I would guess that tenants will simply use their security deposit as their last month's rent, even though that may be in violation of their tenancy or lease agreement. This course of action would then place upon the landlord the burden and legal expense of seeking out the tenant for any remaining rent due or for damage caused to the leased premises, rather than place the burden upon the tenant to recover the security deposit.

In my view, it would be infinitely preferable just to follow the man-dates of the statute, rather than to require, in effect, one of the parties to commence litigation — the tenant to recover the deposit or the landlord to recover rent and/or damage compensation.

Accordingly, I would reverse the judgment of the court of appeals.

LOCHER and C. BROWN, JJ., concur in the foregoing dissenting opinion.