### Korom v. Pesek
*[Cite as 7 AOA 290]*

*Case No. 57559*
*Cuyahoga County, (8th)*
*Decided September 13, 1990*

*William L. Tomson, Jr., 11221 Pearl Road, Strongsville, Ohio 44136, for Plaintiff-Appellant.*

*Thomas M. Callaghan, 2628 Detroit Avenue, Cleveland, Ohio 44113, for Defendant-Appellees.*

J.V. CORRIGAN, J.

On August 11, 1988, plaintiff-appellant Steve Korom ("appellant") filed a complaint in the Small Claims Division of the Parma Municipal Court against defendants-appellees Michael J. Pasek and Nancy Pasek ("appellees"). Appellant sought relief in the amount of $1,000 for the nonpayment of rent and damages arising out of a lease agreement.

On August 25, 1988, appellees filed their answer denying the allegations set forth in

appellant's complaint. Appellees also filed a counterclaim against appellant and a cross-complaint against new party defendant Elizabeth Korom, appellant's mother. In their counterclaim and cross-complaint, appellees sought double damages for appellant's failure to return their security deposit and further sought damages for appellant's and Elizabeth Korom's alleged harassment, threats, intimidation and slander. On August 30, 1988, the instant case was transferred to the General Division of the Parma Municipal Court.

On February 13, 1989, the trial court conducted a bench trial and the following facts were adduced:

On June 14, 1985, new party defendant Elizabeth Korom executed a one-year lease agreement with appellants for the residential premises located at 6602 Beverly Drive in Parma Heights, Ohio. In December, 1986, Elizabeth Korom transferred the deed of the subject premises to appellant, her son.

After the expiration of the one-year lease period, appellees continued to reside at the leased premises with a month-to-month tenancy. On August 7, 1988, appellees vacated the premises and notified appellant of their departure on August 8, 1988. Appellees attempted to proffer $490.32 in rent for July 1, 1988 to August 7, 1988, but appellant refused to accept the money.

Appellant failed to return appellees' security deposit in the amount of $400.00 and also failed to provide appellees an itemized list of deductions from the security deposit for valid damages. At trial, appellant claimed he incurred the following damages:

1) $58.50 for advertising;

2) $125.00 for repairs to the downstairs bathroom ceiling,

3) $53.64 to replace the locks of the leased premises; and

4) money for red staining to the carpet.

On March 6, 1989, the trial court issued its judgment. The trial court found that appellant was entitled to only the carpet damages in the amount of $159.02, but appellant failed to comply with R.C. 5321.16 in failing to provide appellees an itemized list of deductions from the security deposit. The trial court also found that appellant had a valid claim for rental recovery for the period of July 1, 1988 to August 7, 1988, despite the fact that appellees had proffered the required amount.

The trial court entered judgment in favor of appellees on their counterclaim against appellant. The trial court awarded appellees $481.96 plus attorney fees as provided by R.C. 5321.16. The $481.96 represented the $400.00 security deposit less $159.02 being $240.98, plus $240.98 in damages pursuant to R.C. 5321.16. Finally, the trial court awarded appellant the sum of $490.32 for the rent due from July 1, 1988 to August 7, 1988.

Appellant filed a timely notice of appeal and subsequently raised the following assignments of error:

"I. THE TRIAL COURT ERRED IN AWARDING DAMAGES TO APPELLEE.

"II. THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES TO APPELLEE."

The tenants rights to statutory damages and attorney fees are set forth in R.C. 5321.16 which provides in pertinent part:

"(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession.

"***

"(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees."

In *Mentor Lagoons, Inc. v. Bartel* (Jul. 21, 1977), Cuyahoga App. No. 36391, unreported, this court stated that:

"the failure by a tenant to pay rent does not absolve a landlord of his statutory obligations in regard to a security deposit. R.C. 5321.16 specifically provides for this situation. In such a case, after termination of the tenancy, the landlord may deduct and retain the amount of past due rent from the security deposit. However, after doing so, he must notify the

tenant within the time period provided by the statute." *Id.* at 5.

In the instant case, we find that the trial court correctly concluded that appellees were liable to appellant for rent for the period July 1, 1988 to August 7, 1988. The amount of liability was correctly assessed at $490.32. We also find that the trial court properly concluded that appellees were liable to appellant for damages to the carpet in the amount of $159.02.

We further find that the trial court erroneously assessed damages in favor of appellees. Appellant was entitled to retain appellees' $400.00 security deposit under R.C. 5321.16(B) to offset the $490.32 that appellees owed for unpaid rent. We conclude that this amount was not wrongfully held by appellant, thus, appellees were not entitled to double damages under R.C. 5321.16(C).

Appellants' first assignment of error is well taken and is sustained.

Although appellant was entitled to retain the $400 security deposit, we find that appellant still had the obligation of providing appellees with a list of itemized deductions for unpaid rent and damages to the premises pursuant to R.C. 5321.16(B). *Mentor Lagoons Inc., supra.* Despite appellants' failure to comply with the requirement of providing appellees with an itemized list, appellees were not entitled to reasonable attorney fees.

Attorney fees may be awarded under R.C. 5321.16(C) only when a tenant prevails on his claim for damages based upon the finding that the landlord has wrongfully withheld any amount due the tenant. *Vardeman v. Llewellyn* (1985), 17 Ohio St. 3d 24, 29. In the instant case, appellant did not wrongfully withhold money due to appellees, thus, the trial court erred in awarding appellees reasonable attorney fees.

Appellants' second assignment of error is well taken and is sustained.

We conclude that the trial court erred in applying the double damage provision in favor or appellees. Accordingly, the trial court's judgment in favor of appellees in the amount of $481.96 is reversed.

We further conclude that the trial court's judgment in favor of appellant in the amount of $490.32 must be reduced to $249.34, which represents appellees' unpaid rent and damages to the premises, minus the $400.00 security deposit retained by appellant. Thus, the trial

court's judgment in favor of appellant is affirmed, as modified.

Finally, the trial court's judgment granting appellees attorney fees is reversed.

Trial court judgment is reversed in part and affirmed as modified.

KRUPANSKY, P.J., and MATIA, J., concur.