OPINION
Defendant-appellant, Thomas Shinkle, appeals the determination of the Brown County Court awarding plaintiff-appellee, Tara Schaedler, the entire amount of money appellant withheld from her security deposit for leased premises.
From December 4, 1998 through May 4, 1999, Schaedler rented a trailer from appellant. Before Schaedler moved in, the trailer had been thoroughly cleaned. Schaedler lived in the trailer with her boyfriend, Bill Patrick, and her young daughter. Schaedler paid appellant a $300 security deposit, but she and appellant did not enter into a written lease for her occupancy of the trailer. On many occasions, Schaedler paid rent to Sally Hamilton, appellant's live-in girlfriend, even though Hamilton had no ownership interest in the trailer.
While Schaedler and Patrick lived in the trailer, Hamilton mowed the lawn twice. Although Schaedler and Patrick contended they had not agreed to mow the lawn, Hamilton claimed that appellant had told them to do so.
Schaedler terminated her tenancy on May 4, 1999. After Schaedler moved out, Hamilton cleaned the trailer. She paid her sister and her niece $75 to help her clean. Hamilton rented a rug shampooing machine because the carpet in all the rooms showed "grease marks." Two paper window shades had to be replaced because they were torn. Spoiled food remained inside the refrigerator.
On May 24, 1999, appellant gave Schaedler a list written on a slip of paper that appeared to have been torn from a receipt book. The list contained the following information regarding the money appellant had spent on the trailer:
 2-Times Mowing Yard $ 40.00 Wal Mart 112.59 Rug Shampooer 29.66 Cleaning Lady 75.00 ______ $257.25
The document then went on to recite that Schaedler had given appellant a $300 deposit. The document showed that appellant had subtracted $257.25 from the deposit and that he would return $42.75 to Schaedler. Appellant gave Schaedler a check for $42.75 along with the document.
Schaedler sued appellant and Hamilton, claiming that they owed her the entire $300 she had paid as her security deposit for the trailer. Appellant did not appear for trial, although Hamilton did appear with appellant's attorney.[1] At trial, Schaedler testified that neither she nor Patrick had ever been told to mow the yard so that appellant should not have withheld money from her security deposit for doing so. Shaedler also testified that the trailer was clean when she and Patrick moved out.
Hamilton, however, testified that the expenses listed on the document appellant gave Schaedler were justified because the trailer required extensive cleaning, carpet shampooing, and new paper window shades to replace the torn shades. Hamilton further explained the items on appellant's list and brought with her additional receipts showing appellant's expenditures.
The trial court dismissed Hamilton as a defendant after finding she had no ownership interest in the property. The court then went on to find that the itemization appellant had provided to Schaedler was "essentially worthless." The document appellant had given Schaedler did not explain what he had bought or why the items were necessary, and Hamilton could not further explain the list by way of additional testimony and receipts.
The trial court also determined that appellant had failed to prove that he was entitled to withhold any money from Schaedler's security deposit because there was no indication that the cleaning and lawn-mowing went beyond normal wear and tear. The trial court ordered the remaining $252.25 of the security deposit, plus ten percent interest, returned to Schaedler.
Appellant raises one assignment of error for our review:
 THE TRIAL COURT ERRED IN CONSIDERING THE DEFENDANTS [sic] CHARGES TO THE PLAINTIFF'S SECURITY DEPOSIT AS ORDINARY WEAR AND TEAR.
Appellant claims that he established that the trailer was immaculate before Schaedler moved in, but a mess after she moved out. He argues that the trial court erred by concluding that the items listed in the document constituted normal wear and tear, for which he was not entitled to withhold money. According to appellant, he established that the charges to Schaedler's security deposit were legitimate.
Here, the trial court made factual findings that the itemization, which listed cleaning expenses and nonspecific expenditures, was insufficient due to its lack of specificity. In order for a landlord to deduct damages from a tenant's security deposit, those damages must be itemized and identified by the landlord in a written notice to a tenant together with the amount due. R.C. 5321.16(B). Appellant does not contest the trial court's ruling on this point.
Appellant does contest the trial court's ruling that he wrongfully withheld money for damages. While it may seem as though the lack of an adequate itemization precludes the landlord from withholding damages from a tenant's security deposit, Ohio's statutory scheme provides that a landlord may recover money for damages despite his failure to itemize. R.C. 5321.16(C) provides:
 If the landlord fails to comply with subdivision (B) by providing an adequate itemization, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees.
Indeed, the provisions of R.C. 5321.16(C) do not preclude a landlord from seeking redress for any damage done by the tenant to the rental property. Vardeman v. Llewellyn (1985), 17 Ohio St.3d 24,27. However, the determination requires the resolution of the meaning of the term "money due" the tenant within the meaning of R.C. 5321.16(C). Id.
The term "money due" in R.C. 5321.16(C) means the security deposit, less any amounts found to be properly deducted by the landlord for unpaid rent and damages to the rental premises pursuant to R.C. 5321.16(B) or the provisions of the rental agreement. Vardeman at 27. R.C. 5321.16(B) allows a landlord to apply the tenant's security deposit to payment of any damages suffered by reason of the tenant's noncompliance with R.C. 5231.05. Swartz v. Luker (Dec. 30, 1991), Clermont App. No. CA91-07-051, unreported, at 3. Under R.C. 5321.05(A)(1), the tenant has a duty to keep rented premises safe and sanitary.
Appellant's assignment of error, in which he claims that the trial court erred in finding that appellant had not shown that any of the damage to the trailer went beyond normal wear and tear, amounts to a claim that the court's finding is against the manifest weight of the evidence. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. The trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. Id.
Here, $187.59 of the $257.25 appellant claimed in damages related to expenses for cleaning the trailer. General cleaning costs may not be recovered as damages unless they are over and above ordinary wear and tear, as described in R.C. 5321.05. SeeSwartz, Clermont App. No. CA91-07-051, at 3; Dennis v. Morgan
(June 30, 1999), 1999 WL 434874, Fulton App. No. F-98-025, unreported, at *2. The trial court was therefore required to determine whether appellant proved, by a preponderance of the evidence, that the cleaning expenses he incurred went beyond ordinary wear and tear.
Hamilton testified that the trailer appeared not to have been cleaned for six months and that the bathrooms and kitchen were filthy to the point that spoiled food remained in the refrigerator. On the other hand, Schaedler testified that she cleaned the trailer after she moved out and that the trailer was clean. Given this diametrically opposed testimony, the trial court was required to make a credibility determination as part of its fact-finding function. The court did so, choosing to believe Schaedler's account over Hamilton's account. Such a determination was within the court's discretion, and this court will not disturb its ruling.
Appellant also claimed as damages $29.66 for rental of a carpet cleaning machine. In order to deduct damages for carpet cleaning from a tenant's security deposit, the landlord must make an affirmative showing that there was a specific need to clean the carpet. See Albreqt v. Chen (1983), 17 Ohio App.3d 79, 81. Hamilton testified that the carpet showed "grease marks" in all the rooms. Schaedler, however, introduced a photo of the trailer showing a clean carpet. Schaedler's father also testified that the carpet appeared the same to him after Schaedler moved out. Again, this conflicting testimony required the trial court to make a credibility determination in order to decide whether there existed a specific need to clean the carpet. The court believed Schaedler. We will not second guess this evaluation of the evidence.
As to the $40 appellant charged Schaedler for mowing the lawn on two occasions, the trial court was required to determine whether the rental agreement required Schaedler to cut the grass. Although Hamilton testified that appellant told Schaedler she was responsible for mowing the lawn, both Schaedler and Patrick testified that they were never told to do so. We can infer that, since the court awarded the full amount of appellant's claimed damages to Schaedler, it implicitly found that no oral agreement to mow the lawn existed. Such a finding, based on conflicting evidence, was the court's to make. We will not disturb it.
For each expense, the trial court, as the finder of fact, assessed the evidence and concluded that the money for damages appellant claimed, and subsequently withheld from Schaedler's security deposit, did not go beyond normal wear and tear. The trial court therefore properly exercised its discretion when it ordered judgment for Schaedler in the amount of damages appellant had wrongfully withheld from her security deposit. Appellant's assignment of error is overruled.
Judgment affirmed.
 _________________________ VALEN, J.
POWELL, P.J., and WALSH, J., concur.
[1] The trial court noted appellant's absence at trial in its decision. However, nothing requires a defendant to appear at trial where he is represented by counsel, and a judge is not permitted to impose any sanction should an attorney appear for trial without his client. See Barbato v. Miller (May 18, 2000), 2000 WL 640570 at *6, Cuyahoga App. No. 76536, unreported.