OPINION
{¶ 1} Defendant-appellant Gloria Ickes appeals from the February 21, 2002, Judgment Order of the Ashland County Municipal Court.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 12, 1999, appellee General Burnside entered into a residential lease with appellant Gloria Ickes for the subject premises. Pursuant to the terms of the lease, appellee agreed to pay appellant $400.00 a month in rent. At the time he signed the lease, appellee paid a security deposit of $400.00. The lease provided that, upon termination of the same, a $50.00 carpet cleaning deposit would be deducted from the security deposit.
 {¶ 3} On or about October 1, 2001, appellee filed a complaint against appellant in Ashland Municipal Court seeking a return of his security deposit as well as "damages associated with constructive eviction." After appellant filed an answer, a hearing before a Magistrate was held on November 14, 2001. The Magistrate, as memorialized in a decision filed on January 30, 2002, found that appellee had been constructively evicted from the subject premises for a two day period during the course of the tenancy and recommended that appellee be awarded $543.38 in damages for the claim of constructive eviction. In addition, the Magistrate found that a portion of appellee's security deposit had been wrongfully withheld by appellant.
 {¶ 4} Both parties filed objection to the Magistrate's decision. Pursuant to Judgment Entry filed on February 21, 2002, the trial court adopted the Magistrate's Decision.
 {¶ 5} It is from the trial court's February 21, 2002, Judgment Entry that appellant now appeals, raising the following assignments of error:
 {¶ 6} "I. The Ashland County Municipal Court erred when it found that plaintiff-appellee had been constructively evicted by defendant-appellant, when plaintiff-appellee did not relinquish possession of the premises.
 {¶ 7} "II. The Ashland County Municipal Court erred when it found plaintiff-appellee was entitled to a return of his security deposit despite having failed to leave a forwarding address with defendant-appellant in violation of Ohio Revised Code Sec. 5321.16.
 {¶ 8} This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11. 1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
 {¶ 9} This appeal shall be considered in accordance with the aforementioned rule.
 I {¶ 10} Appellant, in her first assignment of error, argues that the trial court erred in holding that appellee had been constructively evicted by appellant from the subject premises when appellee "did not relinquish possession" of the same.
 {¶ 11} We note that appellant failed to file a transcript of the hearing before the Magistrate for the trial court to review when ruling on the objections to the Magistrate's decision. Civ.R. 53 states, in pertinent part: (E) Decisions in referred matters.
 {¶ 12} "* * * Except as to those matters on which magistrates are permitted to enter orders without judicial approval pursuant to division (C)(3) of this rule, all matters referred to magistrates shall be decided as follows: * * *
 {¶ 13} "(3) Objections
 {¶ 14} "* * *
 {¶ 15} "(b) Form of objections. * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 16} When a party objecting to a Magistrate's decision has failed to provide the trial court with the evidence and documents by which the trial court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's decision and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. State ex rel. Duncan v.Chippewa Twp. Trustees, 73 Ohio St.3d 728, 1995-Ohio-272, 654 N.E.2d 1254. Because appellant did not file a transcript of the proceedings with his objections to the Magistrate's decision, the factual findings of the Magistrate are deemed established and may not be attacked on appeal. SeeDoane v. Doane (May 2, 2001), Guernsey App. No. 00CA21. Accordingly, we review appellant's assignments of error only to analyze whether the trial court abused its discretion in reaching specific legal conclusions based upon the established facts. Id. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 17} The Magistrate specifically found in her decision, in relevant part, as follows:
 {¶ 18} ". . . Burnside [appellee] testified that in February of 2000, workers spent five days putting water softeners and removing holding tanks for the apartment complex. These items were located in his apartment and therefore work was confined to his apartment and did not affect other residents. Burnside testified that despite attempts to air out the apartment, fumes from the solder used by workers made him nauseous and he fell ill. On February 16, 2000 he sought medical care at the hospital emergency room as a result of the fumes. He was unable to stay in his apartment because of the fumes and was also unable to bathe because the water was turned off to complete the work. Burnside spent February 17, 2000 at the home of his ex-wife, and incurred the cost of a hotel room in the amount of $50.05 for the evening of February 18, 2000. Burnside also testified that he was unable to work these two days, due to illness suffered from the worker's fumes. He testified that he could have worked twelve hours each day at a rate of $20.00 per hour for a total wage of $480.00." The Magistrate, in her decision, further found that appellee moved from the subject premises on January 6, 2001. Since, as is stated above, such facts are considered established, the issue for determination is whether the trial court, based upon such facts, abused its discretion in finding that appellee had been constructively evicted.
 {¶ 19} A constructive eviction occurs when "the acts of interference by the landlord compel the tenant to leave, and * * * he is thus in effect dispossessed, though not forcibly deprived of possession."Sciascia v. Riverpark Apts. (1981), 3 Ohio App.3d 164, 166, 444 N.E.2d 40, citing Liberal Savings Loan Co. v. Frankel Realty Co. (1940),137 Ohio St. 489, 499, 30 N.E.2d 1012. "[W]hen there is merely an interference with [the tenant's] possession and enjoyment, * * * the tenant [must] relinquish possession of the premises in order that there be a `constructive eviction.'" Manifold v. Schuster (1990),67 Ohio App.3d 251, 259, 586 N.E.2d 1142, 1147, quoting 2 Tiffany, The Law of Landlord and Tenant (1910), Section 185(d), at 1263. As long as the tenant remains in possession he cannot successfully claim that he has been constructively evicted. See Liberal Savings, supra.
 {¶ 20} We concur with appellant that appellee in the case sub judice, based upon the facts as found by the Magistrate, never surrendered possession of the subject premises and, therefore, was never constructively evicted. As found by the Magistrate, appellee did not actually move from the apartment until January 6, 2001, which, as noted by appellant, is "more than eleven (11) months after the alleged constructive eviction." In short, since appellee remained in possession of the premises until January 6, 2001, he cannot argue that he was constructively evicted in February of 2000.
 {¶ 21} Appellant's first assignment of error is, therefore, sustained.
 II {¶ 22} Appellant, in her second assignment of error, contends that the trial court erred in holding that appellee was entitled to the return of his security deposit when it is undisputed that appellee failed to leave a forwarding address with appellant as required by R.C. 5321.16(B).
 {¶ 23} R.C. 5321.16 states, in pertinent part, as follows:
 {¶ 24} "(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide thelandlord in writing with a forwarding address or new address to which thewritten notice and amount due from the landlord may be sent. If thetenant fails to provide the landlord with the forwarding or new addressas required, the tenant shall not be entitled to damages or attorneysfees under division (C) of this section.
 {¶ 25} "(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees." (Emphasis added).
 {¶ 26} If a tenant does not provide a forwarding address, the tenant is not able to receive double damages or attorney fees as provided by R.C. 5321.16(C). Vardeman v. Llewellyn (1985), 17 Ohio St.3d 24, 27,476 N.E.2d 1038, 1140-41. However, failure of the tenant to provide a forwarding address does not foreclose the tenant's right to seek recovery of any unused portion of the security deposit. Id. Thus, appellee was entitled to the return of $350.00 of his security deposit.[1]
 {¶ 27} Appellant's second assignment of error is, therefore, overruled.
 {¶ 28} Accordingly, the judgment of the Ashland County Municipal Court is affirmed in part and reversed in part.
By Edwards, J., Hoffman, P.J. dissents, Boggins, J. concurs.
In Re: Residential Lease — Security Deposit.
[1] The Magistrate, in her decision that was adopted by the trial court, specifically recommended that appellee was entitled to return of his security deposit ($400.00), less $50.00 for carpet cleaning. Appellee has not appealed the deduction of the $50.00.