DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Toledo Municipal Court in a landlord/tenant dispute.
 {¶ 2} Appellees, Clifton and Macon Reasonover, entered a lease agreement for a home in Toledo with appellant, Donald Stalhood, effective January 1, 2001. Monthly rent for the premises was $400. Rent was paid for six months and no more, even though the appellees continued to occupy the property. A Landlord's Complaint was filed in Toledo Municipal Court by appellant in August, 2001, seeking restitution of the premises and damages in the amount of $1,319.71. Appellees filed their answer and counterclaim, contending that appellant's frequent visits to repair and remodel the home denied their right to quiet enjoyment and constituted an invasion of privacy. The matter was then scheduled for hearing on the F.E.D. (forcible entry and detainer) first cause of action. The appellees returned the keys to the subject premises to the appellant and vacated the property. The remaining claim and the counterclaim (second cause), were continued for trial.
 {¶ 3} The trial court awarded appellant the damages he sought, but set off the figure by $200 for "incidental damages" to appellees and $800 for, "* * * failure to comply with O.R.C. § 5321.16(B)."
 {¶ 4} Appellant now brings this appeal, asserting in two assignments of error that the court improperly awarded R.C. 5321.16
damages and erroneously awarded "incidental damages."
 {¶ 5} R.C. 5321.16(C) allows a tenant to recover "* * * damages in an amount equal to the amount wrongfully withheld * * *" from a security deposit. However, R.C. 5321.16(B) specifically permits a landlord to withhold security deposit funds so that they may be, "* * * applied to the payment of past due rent * * *." Since the court found here that there were rent arrearages in excess of the $400 deposit amount, that amount was not "wrongfully withheld" and was, therefore, not subject to the "double" damages. Vardeman v. Llewellyn (1985), 17 Ohio St.3d 24,29.
 {¶ 6} With respect to the additional $200 setoff, the trial court stated that this was, "* * * for inconvenience and expense to [appellees] due to early termination of the lease." This award is simply unsupported by the evidence.
 {¶ 7} Accordingly, both of appellant's assignments of error are found well-taken. Appellees were only entitled to set off the amount of the $400 deposit against the $1,319.71 judgment.
 {¶ 8} On consideration whereof, the judgment of the Toledo Municipal Court is reversed. This matter is remanded to said court for further consideration consistent with the decision. Costs to appellee.
 JUDGMENT REVERSED.
Mark L. Pietrykowski, J., Judith Ann Lanzinger, J., Arlene Singer, J., CONCUR.