OPINION
{¶ 1} Plaintiffs-appellants Leonard S. and Rhonda Mills appeal, and defendant-appellee Nicolas Weller cross-appeals, from a judgment against the Millses on their complaint, and against Weller on his counter-claim, arising out of a lease in which the Millses were the tenants, and Weller was the landlord. Each party claims, essentially, *Page 2 
that the judgment is not supported by the evidence, and is against the manifest weight of the evidence.
 {¶ 2} The trial court found that neither party had met its burden of proof. We conclude that the trial court misconstrued the burden of proof that the Millses bore on their claim for the return of their security deposit. We conclude that as to the statutory double-damage claim provided for in R.C. 5321.16(C), the Millses bore the burden of proving that their security deposit was wrongfully withheld, but that as to the return of their security deposit, the Millses were merely required to prove that they paid Weller the security deposit, and that it was not returned to them following the conclusion of the lease, which is undisputed.
 {¶ 3} Accordingly, that part of the judgment of the trial court awarding the Millses nothing on their claim against Weller is Reversed, and this cause is Remanded with directions for the entry of judgment in favor of the Millses and against Weller in the amount of $1,000 on that claim. In all other respects, the judgment of the trial court is Affirmed.
 II {¶ 4} The Millses entered into a lease agreement with Weller wherein they agreed to lease from Weller residential property at 4177 Little York Road, in Montgomery County, Ohio, for a term running from July 1, 2004, until July 1, 2005, and continuing month to month thereafter. The monthly rent was specified as $1,000, with a late charge of $50. A security deposit of $1,000 was required, of which $500 was paid by the time of the signing of the lease, and the balance was paid subsequently. *Page 3 
Paragraph 18 of the lease reads as follows:
 {¶ 5} "18. DEPOSIT REFUNDS: The balance of all deposits will be refunded within three weeks (or as otherwise required by law), from date possession is delivered to Owner or his/her Authorized Agent, together with a statement showing any charges made against such deposits." (Bolding in original.)
 {¶ 6} Leonard Mills testified that he sent Weller a letter, in late November, 2005, indicating that he and Rhonda would be leaving on December 31st, and providing a forwarding address. Weller contended that he did not receive notice until some time in mid-December.
 {¶ 7} The Millses completed moving out on December 21st
or December 22nd, but intended to, and did, come back on December 24th to clean. Leonard Mills testified that they left both the heat and the water on when they left on the 21st or 22nd, because they intended to return on the 24th to clean.
 {¶ 8} When the Millses returned on December 24th, they found that the water pipes had burst, there was a big hole in the roof, and there was extensive water damage to the premises. Leonard Mills testified that he notified Weller's receptionist of the leak, and, at her request, returned the keys to the property.
 {¶ 9} Leonard Mills testified that the plumbing to the house was located in the rafters in the attic, about a foot higher than where the insulation was. Weller testified that the insulation in the attic covered the water pipes, but his expert witness, Ciro Rivera, who had remodeled the house, testified that the insulation was under the pipes.
 {¶ 10} The Millses' expert witness, Ray Nickel, testified that the plumbing code requires, generally, that plumbing be protected from freezing, that plumbing should not *Page 4 
be placed in an attic above insulation, and that this particular attic was ventilated "in a way that would be consistent with no heat to the attic." Nickel testified that if plumbing is situated above insulation, it doesn't matter whether the house is heated — the pipes are susceptible to freezing in cold temperatures regardless of whether the house is heated.
 {¶ 11} Weller received a check from Leonard Mills, dated December 30, 2005, in the amount of $1,050, representing a late payment of the December rent, together with the $50 late fee. The memo line on this check had "December Rent Final Payment" written in. Weller negotiated the check.
 {¶ 12} Weller did not refund the Millses security deposit, or otherwise account for it, until April 21, 2006, when he provided them with a "Moveout/Closing Statement" reflecting credits that included both the $1,000 security deposit and $3,200 "Insurance Claim Paid," for "Total Credits" in the amount of $4,200, and charges of $4,701.50, consisting of $30.50 for "Water and Sewer" and $4,671 for "Damage see Attached." No attachment to this document was offered in evidence. The "Moveout/Closing Statement" showed a balance due "from Tenant" in the amount of $500.
 {¶ 13} The Millses brought this action to recover their security deposit, statutory damages in an equal amount, and attorney fees. Weller filed an answer and counterclaim, and later a subsequent answer and amended counterclaim, denying that he wrongfully withheld the security deposit, and seeking damages for damage to the property, in the amount of $4,671, and damages in the form of last rent in the amount of $4,000. Weller sought a net judgment against the Millses in the amount of $7,671.
 {¶ 14} This cause was tried before a magistrate, who rendered a decision concluding that each party had failed in its respective burden of proof, and ordering *Page 5 
each party to take nothing on its respective claim. Both sides objected. The trial court overruled all the objections, and adopted the decision of the magistrate as the judgment of the trial court. From that judgment, the Millses appeal, and Weller cross-appeals.
 II {¶ 15} The Millses assign two assignments of error, as follows:
 {¶ 16} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO GRANT JUDGMENT TO PLAINTIFFS ON THE COMPLAINT.
 {¶ 17} "THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 {¶ 18} Weller assigns two assignments of error, as follows:
 {¶ 19} "THE COURT ERRED IN FINDING THAT THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT DEFENDANT'S CLAIM FOR RENT.
 {¶ 20} "THE COURT ERRED IN FINDING THAT DEFENDANT'S DAMAGES HAD NOT BEEN PROVEN DUE TO DEFENDANT'S FAILURE TO PROVE THE AMOUNT OF HIS INSURANCE DEDUCTIBLE."
 A. Weller's Claim for Damages to the Property. {¶ 21} On the factual issue of the damage to the property due to the burst pipes, it is true that the magistrate, in his decision, attached significance to the absence of any proof of the amount of Weller's deductible. In our view, there is a more significant failure of proof on this issue. Weller's own witness, Ciro Rivera, agreed with Leonard Mills that the plumbing was above the insulation in the attic. Although Weller himself *Page 6 
testified to the contrary, this admission by his own witness, who did the repairs to the damage, that the plumbing was above the insulation would make it impossible, in our view, for any reasonable finder of fact to find otherwise.
 {¶ 22} Ray Nickel gave uncontradicted testimony that the plumbing code requires that plumbing be protected from freezing. He also testified, without contradiction, that the way this attic was ventilated left the plumbing vulnerable to freezing, regardless of whether the house was heated. Therefore, even if the trial court were to disbelieve Leonard Mills's uncontradicted testimony that they left the house heated between their departure on December 21st or 22nd, and their return on December 24th, it wouldn't make any difference, the plumbing was vulnerable to freezing anyway.
 {¶ 23} Weller's theory of the Millses' liability for the damage to the property is that they were negligent when they failed to turn off the water during the two-or three-day interval between their departure and return. No evidence was presented that a tenant has a duty to shut off water during a two-or three-day absence from a heated residence.
 {¶ 24} In our view, no reasonable finder of fact could find for Weller, on this evidence, on his claim for damages to the property resulting from the burst pipes.
 B. Weller's Claim for Lost Rent. {¶ 25} It is a closer factual call for Weller's claim for rent for the month of January, 2006. Leonard Mills testified that he provided written notice of non-renewal of the month-to-month tenancy by late November, 2005, but he had no documentary evidence. Weller claimed that he did not get notice until mid-December, 2005, which *Page 7 
would not provide the requisite thirty-day notice required by paragraph 21 of the lease. The Millses argue that, in any event, the residence was not habitable during the month of January, 2006, but the record is silent as to whether, or when, the repairs were completed, restoring the habitability of the residence. And, by the time of the damage to the residence, the Millses had already quitted the residence, ending their tenancy.
 {¶ 26} We cannot say that, as to Weller's claim for rent for the month of January, which was clearly not paid, the trial court's conclusion that neither party had met its burden of proof is either against the manifest weight of the evidence, or otherwise erroneous.
 C. Weller's Counterclaim. {¶ 27} Because we conclude that the trial court did not err in finding that Weller did not satisfy his burden of proof, we conclude that the trial court did not err in rendering judgment against Weller, and for the Millses, on Weller's counterclaim. Weller's assignments of error are overruled.
 D. The Millses' Claims for Relief. {¶ 28} The Millses sought the return of their security deposit, in the amount of $1,000, the additional, double-damage award provided for in R.C. 5321.16(C), and reasonable attorney fees, provided for in the same division of the statute. Resolution of these claims requires consideration of the burden of proof applicable to each.
 {¶ 29} We agree with the Millses that their claim for the return of their security deposit requires no further proof on their part beyond the fact that it was paid, that the *Page 8 
lease agreement has come to an end, and that the security deposit has not been returned to them. This is consistent with the obligation of the landlord set forth in paragraph 18 of the lease to return the deposit within three weeks after re-delivery of possession of the premises, "together with a statement showing any charges made against such deposits." It is undisputed that the Millses paid Weller $1,000 as and for the security deposit, that the premises were re-delivered to Weller on December 24, 2005, and that neither the return of the security deposit, nor delivery of a statement showing any charges made against it, was effected within three weeks after re-delivery of possession of the premises, or within the thirty days provided for in R.C. 5321.16(B).
 {¶ 30} Because the only factual matters that the Millses were required to prove in order to perfect their claim for the return of their security deposit are undisputed, we agree with them that the trial court erred by failing to render judgment for them in the amount of their security deposit: $1,000.
 {¶ 31} A tenant's entitlement to double damages (and an award of attorney fees) arises neither from the contract of lease nor from the common law, but by statute. "[T]he failure to comply with R.C. 5321.16(B) and to provide the tenant with a list of itemized deductions renders the landlord liable for double damages only as to the amount wrongfully withheld and not as to the entire amount of the security deposit." Vardeman v. Llewellyn (1985), 17 Ohio St.3d 24, 29.
 {¶ 32} We understand this principle to require, for the award of double damages and the award of attorney fees, that a tenant prove more than what is required for the mere return of his security deposit. For the award of this "smart money," a tenant must prove not only that his security deposit has not been returned to him, but also that it has *Page 9 
been "wrongfully withheld."
 {¶ 33} In this case, neither the Millses nor Weller met their respective burdens of proof on the issue of whether the Millses failed to pay rent that was due for January, 2006. As to Weller's counterclaim, his failure of proof on this subject is fatal. But as to their statutory claim for a double-damage award and for attorney fees, on which the Millses have the burden of proof, their failure of proof on this subject is fatal.
 {¶ 34} We conclude, then, that the trial court correctly entered judgment against the Millses as to their claim for a double-damage award and for attorney fees.
 III {¶ 35} Weller's assignments of error are overruled. The Millses' assignments of error are sustained in part: we conclude that the trial court erred when it rendered judgment against them on their claim for the return of their $1,000 security deposit. In all other respects, the Millses' assignments of error are overruled. The judgment of the trial court in favor of the Millses and against Weller on Weller's counterclaim is Affirmed. The judgment of the trial court in favor of Weller and against the Millses on their complaint is Reversed in part, and this cause is Remanded, with directions to enter judgment for the Millses and against Weller in the amount of $1,000, and for such other and further relief, consistent with this opinion, as may be appropriate.
GRADY and WALTERS, JJ., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio)
Copies mailed to:
Paul M. Courtney
Charles J. Simpson
 Hon. Cynthia M. Heck *Page 1