[Cite as *Depaz v. Bahramian*, 2013-Ohio-5510.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MARIO DEPAZ, | : | APPEAL NOS. C-130128 |
| and | : | C-130317 |
| | | TRIAL NO. 11CV-33720 |
| TANDI DEPAZ, | : | |
| Plaintiffs-Appellees, | : | *O P I N I O N.* |
| vs. | : | |
| BIJAN BAHRAMIAN, | : | |
| Defendant-Appellant. | : | |

Civil Appeals From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: December 18, 2013

*Weber & Knapp Co., LPA*, and *William C. Knapp*, for Plaintiffs-Appellees,

*David D. Donnett*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Defendant-appellant Bijan Bahramian appeals the judgment of the Hamilton County Municipal Court granting summary judgment in favor of plaintiffs-appellees Mario and Tandi DePaz and awarding them attorney fees under R.C. 5321.16. Because Bahramian failed to respond to the DePazes's requests for admissions during discovery, he admitted to failing to return the DePazes's security deposit without sending an itemized list of damages under R.C. 5321.16(B); however, a genuine issue of material fact remained as to what amount, if any, was wrongfully withheld from the DePazes's security deposit. Therefore, we reverse the trial court's judgment.

{¶2} The DePazes filed a complaint in small claims court against Bahramian in December 2011 for $2,400 plus interest and court costs. The complaint alleged that Bahramian had failed to return the DePazes's $1,200 security deposit to them within 30 days and failed to send the DePazes an itemized list of deductions. After the trial court granted Bahramian two continuances, Bahramian filed an answer and counterclaim, alleging that the DePazes had damaged the property in the amount of $2,958, and that he had sent a letter to the DePazes within 30 days. Subsequently, Bahramian obtained counsel and moved to transfer the case from the small-claims division to the regular municipal division.

{¶3} On June 19, 2012, the DePazes, who also had obtained counsel by this time, filed a motion to compel discovery. The DePazes attached to their motion an email chain between their counsel and Bahramian's counsel. In an email dated May 3 to Bahramian's counsel, counsel for the DePazes stated that no response had been received regarding a notice of deposition for Bahramian on May 17. On May 11,

Bahramian's counsel responded that May 17 would not work for the deposition and that he would try to respond in the next couple of days. No response was received.

{¶4} The DePazes filed a second motion to compel on July 11, 2012, requesting that the trial court order Bahramian to respond to requests for production of documents that had been served on Bahramian on May 21. The DePazes attached to their motion an email from their counsel to Bahramian's counsel, which stated that no responses to their requests for production had been received as of July 3.

{¶5} On July 13, 2012, the parties filed an agreed entry granting the DePazes's motions to compel and ordering Bahramian to provide the requested documents by July 20 and to appear for a deposition on September 5. After Bahramian failed to produce the requested documents by the July 20 deadline, the DePazes filed a motion to dismiss Bahramian's counterclaim under Civ.R. 37. The trial court granted the DePazes's motion and struck Bahramian's counterclaim. The DePazes also filed a motion in limine, which sought to preclude Bahramian from using any evidence at trial that should have been provided in response to the DePazes's requests for production of documents. The trial court granted the motion in limine orally at a hearing on October 11, 2012.

{¶6} The DePazes then sought leave to file a motion for summary judgment on October 17, 2012, which the trial court granted. In their motion, the DePazes argued that they had served requests for admissions and interrogatories on Bahramian's counsel on September 14, 2012, that they had given Bahramian 30 days to respond to the requests, and that the requests should be deemed admitted under Civ.R. 36. The DePazes argued that Bahramian should be deemed to have admitted that the DePazes had given Bahramian $1,200 as a security deposit, that they had

3

requested a return of the deposit when they had vacated, that Bahramian had notice of their forwarding address, that Bahramian had not returned the DePazes's security deposit, and that Bahramian had not furnished the DePazes with an itemized list of the alleged damages to the property. The DePazes's motion requested damages in an amount equal to twice the $1,200 security deposit and attorney fees as provided by statute.

{¶7} In response to the DePazes's summary-judgment motion, Bahramian attached his own affidavit, averring that he had told the DePazes both orally and in writing that the property had been damaged over and above the amount of the security deposit.

{¶8} The trial court granted the DePazes's motion for summary judgment in the amount of $2,400 and set a hearing for the determination of attorney fees. The trial court then awarded $4,343.50 in attorney fees. Bahramian filed a motion for reconsideration of the trial court's decisions granting summary judgment and awarding attorney fees. He filed a notice of appeal of those decisions the same day.

**Summary Judgment for Wrongfully Withholding Security Deposit**

{¶9} In his first assignment of error, Bahramian argues that the trial court erred in granting summary judgment for the DePazes on their claim under R.C. 5321.16.

{¶10} Under Civ.R. 56(C), summary judgment is appropriate when no genuine issues of material fact remain, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party. *Brandner v. Innovex,*

4

*Inc.*, 2012-Ohio-462, 970 N.E.2d 1067, ¶ 13 (1st Dist.), citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). In rendering summary judgment, a court is confined to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action[.]" Civ.R. 56(C). This court reviews a summary-judgment ruling under a de novo standard of review. *Brown v. Lincoln Hts.*, 195 Ohio App.3d 149, 2011-Ohio-3551, 958 N.E.2d 1280, ¶ 7 (1st Dist.), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶11} If a landlord refuses to return a tenant's security deposit or provide the tenant with a written itemization of deductions withheld by the landlord within 30 days after the tenant has delivered possession of the property, and the tenant has provided the landlord with written notice of the tenant's forwarding address, the tenant can "recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees." R.C. 5321.16(B) and (C).

{¶12} "[M]oney due" and "the amount wrongfully withheld" as used in R.C. 5321.16(C) mean the security deposit, minus any legitimate deductions by a landlord for unpaid rent or damages to the property. *Vardeman v. Llewellyn*, 17 Ohio St.3d 24, 29, 476 N.E.2d 1038 (1985). Thus, even if a landlord fails to provide a tenant with an itemized list of deductions as required by R.C. 5321.16(B), a landlord remains liable for double damages as to the amount "wrongfully withheld" and not the entire security deposit. *Id.* As a general matter, "the amount wrongfully withheld" under R.C. 5321.16(C) involves disputed issues of material fact, which

would ordinarily preclude summary judgment. *Williams v. Glaser*, 1st Dist. Hamilton No. C-000539, 2001 Ohio App. LEXIS 1790, *8-9 (Apr. 20, 2001).

{¶13} Under Civ.R. 36, if a party fails to respond to requests for admissions with a written answer or objection within 28 days after service of the requests, or within the time allotted by the court, the requests are admitted. Civ.R. 36(A)(1). Because requests for admissions are "self-executing," the matters in the requests are admitted without any further action required by the requesting party. (Internal citations omitted.) *Palmer-Donavin v. Hanna*, 10th Dist. Franklin No. 06AP-699, 2007-Ohio-2242, ¶ 10. Civ.R. 36(B) provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Therefore, summary judgment may be granted on facts deemed admitted under Civ.R. 36. *Progressive Cas. Ins. Co. v. Harrison*, 2d Dist. Montgomery No. 21521, 2007-Ohio-579, ¶ 10.

{¶14} By failing to respond to the DePazes's requests for admissions, Bahramian admitted that the DePazes had given him $1,200 as a security deposit and that they had requested a return of the deposit when they had vacated. Bahramian also admitted that he had had notice of the DePazes's forwarding address, but that he had failed to return the security deposit or to furnish the DePazes with an itemized list of the alleged damages to the property within the required timeframe.

{¶15} Despite these admissions, Bahramian averred in his affidavit in response to the DePazes's motion for summary judgment that he had told the DePazes that the property had been damaged over and above the amount of the security deposit. The DePazes argue that Bahramian only averred that he had

6

communicated to them an allegation that damage had been done, but that Bahramian failed to affirmatively aver that the DePazes had damaged the property. The DePazes note that Bahramian deliberately worded his affidavit to conform to the trial court's earlier oral statement that Bahramian would be barred from presenting at trial any documents that should have been produced in discovery.

{¶16} Even though the trial court barred Bahramian from asserting a counterclaim for damages to the property and orally stated that Bahramian would be precluded from introducing at trial any documents that would have been responsive to the DePazes's requests for production of documents, Bahramian's affidavit created a genuine issue of material fact as to the amount of the deposit wrongfully withheld, if any, from the DePazes. *See Vardeman*, 17 Ohio St.3d at 29, 476 N.E.2d 1038.

{¶17} Because a genuine issue of material fact remained as to what amount, if any, was wrongfully withheld from the DePazes by Bahramian, the trial court erred in granting summary judgment to the DePazes on their claim under R.C. 5321.16. Therefore, we sustain Bahramian's first assignment of error.

## Attorney Fees

{¶18} In his second assignment of error, Bahramian argues that the trial court erred in awarding the DePazes attorney fees under R.C. 5321.16(C) because they did not seek attorney fees in their complaint, nor did they seek leave to amend their complaint. Solely for the reasons set forth in the disposition of Bahramian's first assignment of error, we also determine that the trial court erred in awarding attorney fees under R.C. 5321.16(C). Therefore, we sustain Bahramian's second assignment of error in so far as we reverse the award of attorney fees.

7

**Motion to Reconsider is Moot**

{¶19}   In his third assignment of error, Bahramian argues that the trial court erred in denying his motion to reconsider the trial court's rulings granting summary judgment to the DePazes and awarding them attorney fees.  Given our resolution of Bahramian's first and second assignments of error, his third assignment of error is moot, and we decline to address it.  *See* App.R. 12(A)(1)(c).

**Conclusion**

{¶20}  In conclusion, the judgment of the trial court granting summary judgment and awarding attorney fees to the DePazes is reversed, and this cause is remanded for proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**CUNNINGHAM, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.