McGINNIS ET AL., APPELLEES, *v.*
DONATELLI, APPELLANT.

(No. 52384—Decided
March 23, 1987.)

*Wendy H. Stockfish,* for appellees.
*Denise Donatelli, pro se.*

*Per Curiam.* Appellant, Denise Donatelli, has assigned two errors for this court's review:

"A. The trial court committed error in awarding attorney fees post-judgment, after failing to award attorney fees in its final judgment, which is contrary to statute and case law.

"B. The trial court awarded attorney fees where no wrongful withholding had been found."

Both assignments are meritorious.

On December 11, 1984, the previous tenants, plaintiffs-appellees, filed their complaint in the East Cleveland Municipal Court. Their prayer included a demand for the return of the security deposit, the amount wrongfully withheld under the provisions of R.C. 5321.16(C), and attorney fees. The court, on May 21, 1985, granted judgment for appellees as follows:

"Case called. Upon evidence judgment for plaintiffs against defendants [*sic*] for $561.74 and costs."

No explanation was given by the court for this amount, nor did the court make a finding of wrongful withholding as required by *Vardeman* v. *Llewellyn* (1985), 17 Ohio St. 3d 24, 29, 17 OBR 20, 24, 476 N.E. 2d 1038, 1042, so that attorney fees could be assessed. In addition, at no time did the trial court request that the appellees file a motion for attorney fees.

The judgment of May 21, 1985 was never appealed. Therefore, the judgment remains intact, and the only issue presented in this appeal concerns attorney fees.

On June 27, 1985, thirty-seven days after the journal entry of May 21, 1985, the appellees' motion for attorney fees was presented to the trial court. Without holding a hearing, the trial court granted appellees' motion for attorney fees in the amount of $918 on June 29, 1986.

The journal entry of May 21, 1985 is dispositive of this case, and the issue of attorney fees which could have been determined at the original trial is *res judicata. Res judicata* attaches not only to questions actually presented to a court, but also to questions which might have been presented for adjudication. In *Stromberg* v. *Bd. of Edn. of Bratenahl* (1980), 64 Ohio St. 2d 98, 100, 18 O.O. 3d 343, 344, 413 N.E. 2d 1184, 1186, the court stated as follows:

"This court has uniformly adhered to the doctrine of *res judicata* to prevent repeated attacks upon a final judgment. The doctrine applies not only to what was determined but also to every question which might properly have been litigated. * * *"

The reasoning for this rule was well stated in *Anderson* v. *Richards* (1962), 173 Ohio St. 50, 53, 18 O.O. 2d 252, 254, 179 N.E. 2d 918, 921:

"The reasoning in such cases is that a party should have his day in court, and that that day should conclude the matter. A party is bound then to present his entire cause and he

is foreclosed from later attempting to reopen the cause as to issues which were or could have been presented. * * *"

Accordingly, the first assignment of error has merit; the trial court lacked jurisdiction to enter judgment for attorney fees under the facts of the case *sub judice.*

The second assignment of error is also meritorious. *Vardeman, supra,* requires a finding by the trial court that the landlord has wrongfully withheld any portion or all of the security deposit. The trial court did not, however, make the explicit finding as required by *Vardeman* and conceded by appellees' "Reply to Defendant's Memorandum in Opposition to Attorney Fees." In the absence of such a finding of wrongful withholding, attorney fees cannot be imposed. Additionally, the trial court's failure to hear evidence to determine reasonable attorney fees is error. While the first assignment of error is sufficient to dispose of this appeal, the failure of the court below to make the necessary finding of wrongful withholding and to hear evidence to determine such reasonable attorney fees is sufficient grounds to reverse the award of attorney fees. See *Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85, 2 O.O. 3d 65, 355 N.E. 2d 894.

Accordingly, the judgment of the trial court awarding attorney fees to the appellees is reversed and final judgment is entered for appellant on this issue.

*Judgment reversed.*

NAHRA, PRYATEL and KRUPANSKY, JJ., concur.