OPINION
Appellant, Robert H. Smith, appeals from a decision in the Franklin County Municipal Court granting appellee, Advantis Computer Consulting, Inc., an injunction prohibiting appellant from working with the Ohio Department of Human Services ("ODHS"), as an employee of Commercial Network, Inc. ("CNI"), for a period of one year.
Appellant filed a complaint on April 1, 1999, against appellee in the Franklin County Municipal Court, Small Claims Division, asserting a claim for wages owed to him by appellee. Appellant was terminated from his employment with appellee on May 21, 1999, but he was only paid through the end of April 1999. Appellant sought to recover wages in the amount of $ 2,208.63. Appellee filed an answer and six counterclaims for breach of fiduciary duty, breach of contract and, also, sought to protect its proprietary interests in its "trade secrets." Additionally, appellee moved to have the action transferred to the regular Civil Division of the Franklin County Municipal Court on the grounds that the counterclaims sought damages in excess of $3,000. Appellee later amended its complaint to include two additional counterclaims. During trial, appellee withdrew five of its eight counterclaims, leaving only counts six, seven, and eight for breach of fiduciary duty, fraud and breach of contract, respectively. Appellee's counsel sought compensation for damages in the amount of $13,352. Only count one of the previous counterclaims, which was withdrawn, had prayed for injunctive relief.
At the conclusion of a four-day trial, the jury returned a verdict in favor of appellee on count eight of its counterclaim for breach of contract and awarded zero dollars in damages. No interrogatories were submitted to the jury; therefore, it is unclear as to which contract the jury found appellant breached. Additionally, the jury also found that appellant had not proved his claim for breach of contract and that appellee had not proved its claims for fraud and breach of fiduciary duty.
On November 18, 1999, appellee filed a "Request For Post-Verdict Relief" requesting the court to issue an injunction prohibiting appellant from working with ODHS as an employee of CNI for one year. Meanwhile, the decision entry of the trial court was journalized on November 30, 1999. The trial court granted appellee's "Request for Post-Verdict Relief," issuing an injunction against appellant on February 18, 2000, which was filed on February 23, 2000. Appellant did not comply with the order, and appellee subsequently filed a motion for contempt on March 7, 2000. On March 10, 2000, pursuant to Civ.R. 65, appellant filed a motion to dissolve the injunction. The court then scheduled an evidentiary hearing on the motion for contempt on March 14, 2000. During this hearing, the court requested to hear arguments pertaining to the injunction instead of the contempt motion. On March 17, 2000, the trial court reissued the injunction. Appellant filed a timely notice of appeal on March 30, 2000. On April 14, 2000, this court granted a stay of the March 17, 2000 injunction pending appeal.
On appeal, appellant asserts one assignment of error:
 The municipal court erred in granting the March 17, 2000, permanent injunction against appellant.
Appellant began working as a computer consultant at Advantis Corporation on or about January 17, 1997. Advantis Corporation is the predecessor company to appellee. On or about May 18, 1998, appellee's president approached appellant and requested him to sign an employment contract containing a non-compete clause. The clause provided, in pertinent part:
 5. Employment with Clients. Employee agrees not to enter into any type of employment or subcontract arrangement, either as an individual or through any other entity, with any client in which Employee has been placed while employed by Advantis for a period of at least one (1) year after termination of employment with Advantis.
Appellant refused to sign the agreement and was terminated by appellee. There is no dispute among the parties that appellant did not sign the employment services contract; however, there is disputed testimony about the details of an oral agreement between appellant and Advantis Corporation. Upon being terminated, appellant sought to recover unpaid wages.
In appellant's single assignment of error, he argues that the trial court erred in issuing the injunction because it lacked jurisdiction to grant the injunction after final judgment and journalization. Additionally, appellant contends that, even if the trial court had jurisdiction, it erred by issuing the injunction because there was no evidence of irreparable harm. We agree.
Under R.C. 2727.03, a court may grant an injunction "[a]t the beginning of an action, or any time before judgment." The question for review is whether the trial court was barred from ruling on appellee's "Request for Post-Verdict Relief," which sought an injunction after entry of a judgment and journalization.
Appellant argues the trial court was without jurisdiction to issue the injunction. In Gullia v. Gullia (1994), 93 Ohio App.3d 653, 667, the Court of Appeals for Cuyahoga County held that a trial court "does not have jurisdiction to issue a permanent injunction after the underlying * * * action has been terminated through journalization of the final judgment." Although appellee argues that Gullia is distinguishable factually from the instant case, we find that the underlying principles of law are applicable. Similarly, the Court of Appeals for Summit County has held that a court does not have jurisdiction to award attorney's fees twenty days after final judgment was rendered where plaintiff had ample opportunity to introduce evidence of attorney's fees at trial or to properly preserve the matter for later. Shepherd v. Shea (May 14, 1997), Summit App. No. 17974, unreported.
Here, appellee originally requested injunctive relief but later withdrew its counterclaims requesting injunctive relief during trial; thus, there was no claim for injunctive relief properly before the trial court at the time of the verdict. Therefore, appellee's withdrawal of its counterclaim seeking equitable relief precludes it from claiming now that the remedy was available. Like Shepherd, appellee's request for the injunction was made after the judgment, so the trial court had no jurisdiction to issue the injunction. Alternatively, appellee argues that the trial court had jurisdiction to grant an injunction because the jury found appellant had breached the covenant not to compete. However, since no interrogatories were submitted to the jury, it is unclear as to which contract the jury determined was breached.
Additionally, the trial court did not rule on the "request" for an injunction in its final judgment entry. This court has held that "the entry of final judgment impliedly overrules all pending motions upon which the court has not ruled." State ex rel. The Dispatch Printing Co. v. Columbus (Aug. 5, 1999), Franklin App. No. 99AP-766, unreported; Howard v. J. C. Penney, Inc. (Nov. 3, 1994), Franklin App. No. 94APE04-469, unreported. Thus, appellee's pending motion, whether properly before the court or not, was extinguished by the entry of a final judgment.
Although procedural mechanisms exist under the Ohio Civil Rules for post-judgment relief, appellee's "Request For Post-Verdict Relief" does not fall within the procedurally recognized post-judgment motions under the Ohio Rules of Civil Procedure. Avenues by which a party may petition the trial court are only those specifically provided for in the Ohio Rules of Civil Procedure. Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211, 215. Appellee's "Request for Post-Verdict Relief" does not fall within the procedurally recognized post-judgment motions under the Ohio Rules of Civil Procedure. Thus, appellee was barred from using an avenue to seek a change in judgment that is not available under the civil rules.
Moreover, a claim or question that could have been raised but was not presented for adjudication is res judicata. McGinnis v. Donatelli (1987),36 Ohio App.3d 120, 121. In McGinnis, the Court of Appeals for Cuyahoga County reversed the decision of a trial court awarding attorney fees pursuant to a motion filed after a final judgment was entered in the underlying action. The McGinnis court held that the post-verdict award of attorney fees was res judicata. Id. Res judicata applies to "a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction [and acts as] a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 381. Here, appellee's post-verdict request for an injunction is analogous to the request for attorney's fees that the McGinnis court rejected. Appellee withdrew its counterclaim for equitable relief, so the final judgment rendered by the court served as a bar to any subsequent claim appellee had for an injunction.
Thus, in the case at bar, we find that the municipal court was divested of jurisdiction to issue the injunction after final judgment and journalization was entered. The jury verdict journalized in the decision entry, filed on November 29, 1999, was a final judgment. Although appellee had the opportunity to renew its request for an injunction at trial, it waited to do so until after the verdict had been rendered. Consequently, we conclude the trial court was without jurisdiction to consider appellee's request once final judgment was rendered and journalized.
Finally, even assuming arguendo, that the trial court had jurisdiction, there was no evidence of irreparable harm to warrant issuing an injunction against appellant. Granting injunctive relief requires a showing of irreparable harm to the party seeking injunctive relief. Levine v. Beckman (1988), 48 Ohio App.3d 24, 27. Irreparable harm is defined as harm that cannot be measured in money damages. Id. Generally, injunctive relief is not granted where there is an adequate remedy at law. Kent Bus. Interiors, Inc. v. Ohio Dept. of Adm. Serv. (1996), 61 Ohio Misc.2d 847.
Here, appellee had an adequate remedy at law that it sought to advance during the jury trial. Appellee argued breach of contract and sought compensatory damages over $13,000. However, the jury awarded zero damages, apparently finding no harm to appellee. Additionally, there was no evidence in the trial transcript or subsequent March 14, 2000 hearing transcript that there is a showing of irreparable harm to appellee. Furthermore, during the March 14 hearing, appellant was not given an opportunity to offer any testimony to assist the court in balancing the equities of the parties before granting the injunction. Thus, even if the trial court had retained jurisdiction over this matter, we find that it erred by issuing the injunction without any evidence of irreparable harm.
For the foregoing reasons, appellant's single assignment of error is sustained, and the decision of the Franklin County Municipal Court is reversed.
 ___________ KENNEDY, J.
BOWMAN and PETREE, JJ., concur.