[Cite as *In re T.D.R.*, 2015-Ohio-3541.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

|  |  |  |
|---|---|---|
| IN THE MATTER OF:  T.D.R., JR., DELINQUENT CHILD. | : | **O P I N I O N** |
|  | : |  |
|  | : | **CASE NO.  2014-L-109** |
|  | : |  |

Appeal from the Lake County Court of Common Pleas, Juvenile Division, Case No. 2014 IN 01291.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Appellee – State of Ohio).

*Charles R. Grieshammer,* Lake County Public Defender, and *Charles E. Langmack,* Assistant Public Defender, 125 East Erie Street, Painesville, OH  44077 (For Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}  Appellant, T.D.R., an adjudicated delinquent child, appeals from the judgment of the Lake County Court of Common Pleas, Juvenile Division, classifying him as a serious youthful offender ("SYO") and accordingly entering a dispositional sentence pursuant to R.C. 2151.13.  We affirm the trial court.

{¶2}  The incident leading to the underlying charges occurred in Painesville, Lake County, Ohio on July 10, 2014, at a Sunoco station on 265 East Erie Street. Appellant entered the station with another male.  A separate customer was at the

counter conducting a transaction with the cashier. When that customer left the store, the male accompanying appellant also left. Appellant then brandished a BB gun and ordered the cashier to "give him [the] money. This is a robbery." The cashier asked if he was serious and, as he walked behind the counter, appellant stated he was. The cashier told appellant to take the money; appellant did and left the store. The cashier subsequently called police and appellant was captured by police near the Sunoco station.

{¶3} On July 11, 2014, appellant was charged by complaint with one count of robbery, in violation of R.C. 2911.02(A)(2), and one count of obstruction of official business, in violation of R.C. 2921.31; these charges constituted a second-degree felony and a second-degree misdemeanor, respectively, if committed by an adult. The complaint further alleged an offense of violence specification and an SYO specification relating to the robbery charge.

{¶4} On September 11, 2014, appellant pleaded guilty to the charges and specifications. After entry of the guilty pleas, the trial court submitted the matter to a staffing team to prepare a recommendation for disposition/sentencing.

{¶5} On October 1, 2014, a disposition and sentencing hearing was held. For the robbery count, the trial court sentenced appellant to a term of four years imprisonment, with a three-year period of post-release control following his release. The term of imprisonment was stayed pending successful completion of his juvenile disposition. In its juvenile disposition, the court ordered appellant committed to the Department of Youth Services ("DYS") for a minimum of one year and a maximum period not to exceed appellant's 21st birthday. The disposition was stayed based upon

2

appellant's compliance with court orders and state laws. Appellant was also ordered to serve 90 days in juvenile detention; the court stated appellant may be released from the detention center for admission into a Community Correction Facility ("CCF") with the balance of his detention time suspended based upon compliance with probation rules, court orders, and state laws.

{¶6} For the misdemeanor obstructing official business count, the trial court ordered appellant to serve a 90-day commitment in the Lake County Juvenile Detention Facility. This detention was ordered to be served immediately consecutive to the 90-day detention relating to the robbery count. Appellant now appeals and assigns the following as error:

{¶7} "The trial court erred to the prejudice of the delinquent child-appellant when it classified him as a serious youthful offender and sentenced him to an adult term of four (4) years in the Lorain Correctional Facility, a sentence that does not comport with the factors a trial court must consider before imposing such a sentence as set forth in ORC 2152.13(D)(2)(a)."

{¶8} Under his sole assignment of error, appellant argues the trial court erred by imposing an SYO dispositional sentence after he entered a plea of guilty to an SYO specification. Appellant asserts the trial court failed to consider all relevant factors before entering the SYO adult sentence. Thus, he maintains the trial court abused its discretion when it imposed the SYO dispositional sentence. We do not agree.

{¶9} A juvenile charged as a potential SYO does not face a bindover to the adult court of common pleas. Instead, the case remains under the juvenile court's jurisdiction. Under R.C. 2152.11(A), a juvenile who commits certain acts is eligible for "a

3

more restrictive disposition," i.e. an SYO disposition. *State v. D.H.*, 120 Ohio St.3d 540, 2009-Ohio-9, ¶18. An SYO disposition "includes what is known as a blended sentence -- a traditional juvenile disposition coupled with the imposition of a stayed adult sentence." *Id.*, citing R.C. 2152.13.

{¶10} Due to appellant's delinquency adjudication for robbery, a second-degree felony, the imposition of the adult sentence was discretionary, not mandatory. *See* R.C. 2152.11(E)(1). R.C. 2152.13(D)(2)(a) controls a juvenile court's discretion to impose a blended juvenile/adult sentence on a serious youthful offender and states:

{¶11} If a child is adjudicated a delinquent child for committing an act under circumstances that allow, but do not require, the juvenile court to impose on the child a serious youthful offender dispositional sentence under section 2152.11 of the Revised Code, all of the following apply:

{¶12} (i) If the juvenile court on the record makes a finding that, given the nature and circumstances of the violation and the history of the child, the length of time, level of security, and types of programming and resources available in the juvenile system alone are not adequate to provide the juvenile court with a reasonable expectation that the purposes set forth in section 2152.01 of the Revised Code will be met, the juvenile court may impose upon the child a sentence available for the violation, as if the child were an adult, under Chapter 2929. of the Revised Code, except that the

4

juvenile court shall not impose on the child a sentence of death or life imprisonment without parole.

{¶13} (ii) If a sentence is imposed under division (D)(2)(a)(i) of this section, the juvenile court also shall impose upon the child one or more traditional juvenile dispositions under sections 2152.16, 2152.19, and 2152.20 and, if applicable, section 2152.17 of the Revised Code.

{¶14} (iii) The juvenile court shall stay the adult portion of the serious youthful offender dispositional sentence pending the successful completion of the traditional juvenile dispositions imposed.

{¶15} R.C. 2152.01, referenced in R.C. 2152.13(D)(2)(a), sets forth the purposes for juvenile dispositions and provides, in relevant part:

{¶16} (A) The overriding purposes for dispositions under this chapter are to provide for the care, protection, and mental and physical development of children subject to this chapter, protect the public interest and safety, hold the offender accountable for the offender's actions, restore the victim, and rehabilitate the offender. * * *

{¶17} Accordingly, R.C. 2152.13(D)(2)(a) sets out a three-tiered process a court must follow once a minor is adjudicated delinquent under circumstances that allow, but do not require, a blended juvenile/adult SYO sentence; to wit: (1) the court must make findings that, given the circumstances of the case, the juvenile system is not adequate to meet the purposes in R.C. 2152.01; (2) once the court makes those findings, then it may impose an adult sentence along with one or more traditional juvenile dispositions;

5

and (3) after exercising its discretion, and imposing a blended juvenile/adult sentence, the court must stay the adult portion pending successful completion of the traditional juvenile disposition. *See, e.g., State v. D.H.*, 169 Ohio App.3d 798, 2006-Ohio-6953, ¶44 (10th Dist.). "[H]ow the juvenile responds to that disposition will determine whether the stay is lifted on the adult sentence." *D.H.*, 2009-Ohio-9, *supra*, at ¶30.

{¶18} Although not directly at issue, it bears noting that the stay on the adult portion of the blended sentence may not be lifted unless certain procedural safeguards are satisfied. R.C. 2152.14(E) governs the circumstances under which a juvenile court may invoke the adult portion of an SYO's sentence. The statute requires the juvenile court, upon motion of the prosecutor, to hold a hearing to determine whether the stay should be lifted. R.C. 2152.14(A) – (D). After taking evidence, the court may invoke the adult portion of the SYO sentence if it finds, by clear and convincing evidence, "that the juvenile is 'unlikely to be rehabilitated during the remaining period of juvenile jurisdiction' and that the juvenile has engaged in further bad conduct pursuant to R.C. 2152.14(A) or (B)." *D.H.*, 2009-Ohio-9, *supra*, at ¶31.

{¶19} With the foregoing framework in mind, we shall proceed to analyze the various issues raised in this appeal. Initially, the state asserts appellant's argument is not ripe for review because, to the extent he successfully completes the juvenile disposition, appellant will not actually serve the adult sentence. The state maintains that the validity of appellant's SYO sentence will be ripe *only* if he fails to meet the requirements of the juvenile disposition. The state therefore concludes, the adult sentence, at this point, is merely hypothetical and does not rise to the level of an actual controversy. We do not agree.

6

**{¶20}** R.C. 2152.13(D)(3) provides

**{¶21}** A child upon whom a serious youthful offender dispositional sentence is imposed under division (D)(1) or (2) of this section has a right to appeal under division (A)(1), (3), (4), or (5) of section 2953.08 of the Revised Code the adult portion of the serious youthful offender dispositional sentence when any of those divisions apply. The child may appeal the adult portion, and the court shall consider the appeal as if the adult portion were not stayed.

**{¶22}** Appellant is, in effect, arguing his dispositional sentence, imposed as provided under R.C. 2152.13(D)(2), is contrary to law, pursuant to R.C. 2953.08(A)(4). The statutory framework allowing a court to impose a discretionary SYO adult sentence requires a court to make specific findings. If, after entering its findings, the court deems the adult sentence appropriate, it may impose the sentence. It must, however, stay that sentence pending the juvenile offender's compliance with the juvenile disposition entered contemporaneously with the SYO sentence. If a court fails to meet these requirements, the imposition of the SYO sentence may be deemed contrary to law. Pursuant to R.C. 2152.13(D)(3), therefore, appellant has the right to appeal the adult portion of the sentence as if it were not stayed. Accordingly, the state's argument claiming appellant's dispositional sentence is not ripe for review is unavailing.

**{¶23}** With respect to appellant's argument, he does not dispute that his criminal conduct was subject to a discretionary SYO disposition and sentence. Rather, he contends the trial court failed to properly consider the necessary statutory factors before

7

imposing that disposition. Appellant also appears to argue the trial court erred by actually sentencing him to a four-year term of incarceration, despite his age and the surrounding circumstances.

{¶24} With respect to the latter issue, appellant misunderstands the portion of the SYO dispositional order. As discussed above, the trial court did not send appellant to prison. Instead, pursuant to the SYO specification, the court imposed that sentence, but stayed the same pending successful completion of his time at CCF. To the extent appellant's argument is based upon a false premise, it is without merit.

{¶25} Moreover, a review of the record reveals the juvenile court considered all applicable factors in exercising its discretion to enter the blended juvenile/SYO adult sentence. At the dispositional hearing, the trial court stated:

{¶26} Well, young man, you've made choices in your life. Doesn't seem that you have much respect for anybody. You don't have any respect for our community, you don't have any respect for yourself. Says in this report that you told the psychologist that you're not scared of anything, detention, the Court, or any authority. You're not afraid of the police, you're not afraid of me. You don't have any respect for authority. That doesn't make you very responsible or accountable. * * *

{¶27} * * *

{¶28} The report states he's been acting out in the community since elementary school; he's been caught lying, stealing, and manipulating; he steals food from stores and clothing and

8

electronics from other students at school. He shows little to no remorse for his actions. He steals from his mother and has taught his brothers to do so. His peer associations are older, criminally-involved and drug-dependent and dealing youth. He latches on to this older gang involved group for acceptance. It sounds to me like this young man needs help.

{¶29} It is the disposition of the Court, [T.D.R.], that you are hereby committed to the legal custody of the Ohio Department of Youth Services for institutionalization in a secure facility for an indefinite term of one year and a maximum not to exceed your 21st birthday.

{¶30} In addition, the Court has considered the factors set forth in the applicable provisions of the Ohio Revised Code; to wit: 2929.12, 2929.13 and 2929.14 and other related sections, as well as [T.D.R.'s] criminal history here with the court, the seriousness of the act, the length of time we have in order to rehabilitate him and the types of programs that are available here and at the CCF.

{¶31} I've also considered the Ohio youth assessment full inventory and the psychological evaluation as performed by the Court's staff, the staffing team recommendation, and the victim's statement at the prior hearing, the arguments of counsel and the lack of statement, even though given an opportunity, by the Juvenile.

{¶32} After making the foregoing findings, the court proceeded to enter its relative dispositional orders on the blended juvenile/SYO adult sentence. It then

9

informed appellant that both the adult sentence as well as the disposition ordering appellant to DYS would be stayed as long as he successfully completed his time at the CCF.

{¶33} Given appellant's actions, his apparent attitude toward authority, and disregard for others in the community, the court could reasonably conclude the juvenile system alone would be inadequate to meet the purposes of the administration of juvenile justice, as set forth under R.C. 2152.01. The findings made by the court on record reflect this view. We therefore hold the trial court complied with all necessary statutory requirements for entering a discretionary blended juvenile/SYO adult sentence.

{¶34} Appellant's assignment of error lacks merit.

{¶35} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.


TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____


COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


{¶36} Appellant was committed to DYS for a minimum of one year, and a maximum period not to exceed his twenty-first birthday. He was given 90 days in juvenile detention. He was further committed to a CCF. His DYS commitment was stayed pending his successful treatment at the CCF. And, of course, his four year

10

sentence to prison pursuant to the SYO dispositional sentence was stayed pending behavior complying with the law.

{¶37} Appellant was only 14 years old at the time of the disposition in this case. While the crime he committed was serious indeed – robbery – he does not have a lengthy history of delinquency. The state did not recommend any sentence on the SYO. Most significant, when and if he completes his stay at the CCF, his remaining detention time is suspended, and he is simply subject to community control.

{¶38} When an SYO dispositional sentence is discretionary with the trial court, R.C. 2152.13(D)(2)(a)(i) provides that the trial court must make a finding on the record that, "given the nature and circumstances of the violation and the history of the child, the length of time, level of security, and types of programming and resources available in the juvenile system alone are not adequate to provide the juvenile court with a reasonable expectation that the purposes set forth in section 2152.01 of the Revised Code will be met," before imposing the SYO sentence. As the majority notes, the trial court made the finding in this case. However, if appellant's conduct was serious enough to justify an SYO dispositional sentence, I cannot understand why the balance of his juvenile disposition is just community control. We review imposition of an SYO sentence under R.C. 2152.13(D)(2)(a)(i) for abuse of discretion. *In re Wilson*, 11th Dist. Lake No. 2003-L-160, 2005-Ohio-3262, ¶8. A trial court abuses its discretion when its judgment does not comport with reason, or the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). Fundamentally, I find the blended sentence in this case incongruous, because the finding made by the trial court that an SYO sentence is

11

needed does not comport with the juvenile disposition made.  I would find this an abuse of discretion.

{¶39} I find merit in the assignment of error, and respectfully dissent.