[Cite as *In re J.C.*, 2021-Ohio-4313.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE J.C.                                          :

A Minor Child                                       :

                                         No. 110394

                                         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 9, 2021

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Juvenile Division
Case No. DL-18100183

---

***Appearances:***

Eric M. Levy, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Demetrios Sintsirmas, Assistant Prosecuting Attorney, *for appellee.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} J.C. appeals the disposition ordered by the Cuyahoga County Court of Common Pleas, Juvenile Division ("juvenile court"), invoking the Serious Youth Offender ("SYO") portion of a final delinquency adjudication. The imposition of the stayed SYO sentence arose after J.C. was found to be in violation of the terms of his supervised release from his indefinite term of custody of the Ohio Department of

Youth Services ("ODYS"), based on the commission of two weapons offenses after J.C. attained the age of majority. For the following reasons, we affirm.

{¶ 2} In this case, J.C. was adjudicated delinquent, upon an admission of guilt, for acts constituting the crime of burglary under R.C. 2911.12(A)(2). The trial court imposed a sentence of three years based on the SYO specification that included notification of the mandatory three-year period of postrelease control, all of which were stayed pending service of the juvenile disposition. After making the related findings, the juvenile court committed J.C. to the custody of ODYS for an indefinite term consisting of a minimum term of 12 months and a maximum term not to exceed J.C.'s 21st birthday. J.C. did not timely appeal the delinquency adjudication or the stayed sentenced under the SYO specification as permitted under R.C. 2152.13(D)(3).

{¶ 3} Following service of the minimum term, ODYS released J.C. on parole, referred to also as supervised release. During that period of time, and after J.C. had attained the age of majority, J.C. committed two felony weapons offenses: improperly handling a firearm in a motor vehicle and having a weapon while under disability, respectively felonies of the fourth and third degree. In the general division case arising from that separate felony indictment, the trial court sentenced J.C. to serve 12 months in prison with a three-year discretionary term of postrelease control. During the pending felony case, and shortly after J.C.'s arrest under the felony charges, the state filed a motion to invoke the SYO dispositional sentence. At that time and throughout the ensuing proceedings, J.C. had not aged out of the

juvenile court's jurisdiction. J.C. appeals from the trial court's order invoking the SYO sentencing.

{¶ 4} In the first assignment of error, J.C. claims that the trial court lacked authority to impose the suspended SYO sentence because the trial court considered J.C.'s conduct at the time of his committing the felony weapons offenses, the underlying violation of the conditions of his parole, instead of J.C.'s status at the time of the hearing. J.C. claims that R.C. 2152.14, which provides the juvenile court's authority to impose the stayed SYO sentence, is presented in the present tense, and therefore, the trial court must only consider conduct and the juvenile's status contemporaneous with the hearing.

{¶ 5} According to J.C., by the time the juvenile court conducted the hearing on the state's motion to invoke the SYO sentence, J.C. had already pleaded guilty to the criminal conduct in the general division felony case, and therefore, the juvenile court could not conclude as a matter of law that the factors under R.C. 2152.14 existed. (For example, the court could not conclude that criminal charges were actively pending against J.C. at the time of the hearing.) In addition, J.C. argues in this appeal that at the time he was arrested and held in custody on the felony offense as an adult, J.C. could no longer be considered to be serving the juvenile portion of his sentence because J.C. was detained under the felony case. We find no merit to claims advanced in the first assignment of error.

{¶ 6} The state may seek to invoke the SYO dispositional sentence if the juvenile is at least 14 years of age, is serving the juvenile portion of the SYO

dispositional sentence, and is on "parole or aftercare" from an ODYS facility. R.C. 2152.14(B). If the state files a motion, the juvenile court may invoke the stayed SYO sentence if it finds by clear and convincing evidence, that (1) the juvenile "is" serving the juvenile portion of the SYO dispositional sentence; (2) the juvenile is at least 14 years old and has been admitted to an ODYS facility, or criminal charges "are pending" against the person; and (3) the juvenile's conduct demonstrates that the person is unlikely to be rehabilitated during the remaining period of the juvenile jurisdiction. R.C. 2152.14(E).

{¶ 7} In this case, J.C. was on active parole from the indefinite term of ODYS's custody under the juvenile portion of the SYO dispositional sentence. J.C. was not released from parole until the juvenile court journalized its entry invoking the SYO dispositional sentence following the hearing. At all times, up to and including the hearing, J.C. was serving the juvenile portion of the SYO dispositional sentence. The juvenile portion of the sentence was not terminated solely based on J.C.'s being arrested and detained on the new felony charges. Further, R.C. 2152.14(B) expressly contemplates the invocation of the SYO dispositional sentence during the juvenile offender's parole from the indefinite custody.

{¶ 8} With respect to J.C.'s claim that the juvenile court could not conclude that there were pending criminal charges at the time the juvenile court conducted the SYO invocation hearing since the general division court had already sentenced him and, therefore, there were no "pending" criminal charges for the purposes of R.C. 2152.14(E)(1)(b), that is but one alternative under this particular subdivision.

R.C. 2152.14(E)(1)(b) provides, as one of the three required findings in order to impose the stayed SYO dispositional sentence, that the juvenile court must find by clear and convincing evidence that "[t]he person is at least fourteen years of age and has been admitted to a department of youth services facility, or criminal charges are pending against the person." Thus, as a matter of statutory construction, there are two alternative conditions under subdivision (E)(1)(b): either criminal charges are pending or the person is at least 14 years old and "has been admitted to a department of youth services facility." We need not consider J.C.'s argument with respect to the pending criminal charges. J.C. was at least 14 years of age and had been admitted to an ODYS facility under a plain reading of the subdivision.

{¶ 9} Generally, the legislature uses the phrases "has been admitted," "has been convicted," or "has been arrested" in the past tense. *See, e.g.*, *State v. Cole*, 94 Ohio App.3d 629, 634, 641 N.E.2d 732 (1st Dist.1994); *State ex rel. White v. Billings*, 12th Dist. Clermont No. CA2006-09-072, 2007-Ohio-4356, ¶ 26; R.C. 2919.27(B)(3); *State v. Hudson*, 2013-Ohio-647, 986 N.E.2d 1128, ¶ 34 (3d Dist.) ("the statute used both present and past tense verbs to describe the convicted sex offenders; to wit: '[n]o person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to [specified categories of sexual offenses] * * *.'"). Thus, the fact that J.C. was in the custody of ODYS at a juvenile facility for the one-year minimum term, a finding of fact noted at the hearing and in the final disposition invoking the SYO sentence, satisfies the second requirement without needing to demonstrate that pending charges existed.

{¶ 10} Inasmuch as one could claim that the legislature meant R.C. 2152.14(E)(1)(b) as prospective in nature, so that the person must be admitted to an ODYS facility at the time of the hearing, a plain reading of the statutory section dispels such an interpretation. Under R.C. 2152.14(A)(1)(b), the legislature has demonstrated its awareness of the language needed to create a present tense condition: "the person is in the institutional custody * * * of the department of youth services." *See also Hudson* at ¶ 34. Had the legislature intended for R.C. 2152.14(E)(1)(b) to be prospective in nature, *i.e.,* that the person was returned to the ODYS facility at the time of the SYO invocation hearing, it would have drafted the statute using phrasing similar to subdivision (A)(1)(b).

{¶ 11} In this case, it is undisputed that J.C. was "at least fourteen years of age" and "has been admitted to" an ODYS facility under the juvenile portion of the SYO dispositional sentence. J.C. was on parole or supervised release from his indefinite term of custody at the ODYS facility, satisfying the requirement of R.C. 2152.14(E)(1)(b). In light of the shift in the language under R.C. 2152.14(B)(1)(b) to a term describing the admission to the facility in the past tense and J.C.'s lack of discussion of that alternative, we find no merit to the claim that the juvenile court was unable to find by clear and convincing evidence the factual basis satisfying the requirements under R.C. 2152.14(E). App.R. 16(A)(7).

{¶ 12} And finally, throughout the hearing, the juvenile court explained the basis for its conclusion that the record clearly and convincingly demonstrated that J.C. was unlikely to be rehabilitated during the remaining period of the juvenile

court's jurisdiction. The primary reasons provided by the juvenile court at the hearing was J.C.'s extensive criminal history and the fact of his recidivism upon being released from ODYS's custody while on parole from that indefinite sentence. There is no requirement that the juvenile court use the express language of R.C. 2152.14(E)(1)(c) in rendering its findings of facts. *See, e.g., State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 33. We find no merit to the claim that the trial court was unable to conclude by clear and convincing evidence that J.C. was unlikely to be rehabilitated during the remaining period of the juvenile court's jurisdiction over his person.

{¶ 13} The first assignment of error is overruled.

{¶ 14} In the second assignment of error, J.C. claims that he was denied effective assistance of counsel because his mental illness was not raised or considered before the trial court invoked the SYO dispositional sentence.

{¶ 15} With respect to evidence to be considered at the invocation hearing, R.C. 2152.14(D) provides in pertinent part, that "[i]f the person presents evidence that the person has a mental illness or intellectual disability, the juvenile court shall consider that evidence in determining whether to invoke the adult portion of the serious youthful offender dispositional sentence." Thus, the statute provides a condition precedent to the court's mandatory obligation to consider the person's mental illness or intellectual disability that the person first present evidence of such at the hearing. Neither J.C. nor his counsel of record presented any evidence of

J.C.'s mental illness at the SYO invocation hearing conducted in accordance with R.C. 2152.14(D).

{¶ 16} "[A]ppellate courts generally review ineffective assistance of counsel claims on a de novo basis * * *." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 53. In order to prevail on an ineffective assistance of counsel claim, the defendant must show that his trial counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, 172 N.E.3d 8, ¶ 49. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Strickland* at 689. To establish prejudice, the defendant must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

{¶ 17} In this case, J.C. focuses on the first prong, whether his counsel's performance was deficient, but J.C. fails to argue, much less demonstrate, that he was prejudiced by the deficient performance. On this alone, the second assignment of error is overruled. App.R. 16(A)(7). Nevertheless, the record indicates that J.C.'s mental health was evaluated and considered by the juvenile court throughout the proceedings. It is important to note that J.C. is not claiming a change to his mental health status that coincided with his commission of the felony crimes, only that the prior information considered by the juvenile court should be reevaluated in light of

the invocation of the SYO dispositional sentence. Under these circumstances, we cannot conclude that J.C. was prejudiced by any failure to reintroduce facts and evidence already considered by the juvenile court; namely, J.C.'s addiction to marijuana and the documentation of his posttraumatic stress disorder. J.C. is unable to demonstrate that, but for the failure to reintroduce that evidence, the outcome would have been different. The second assignment of error is overruled.

{¶ 18} In the third assignment of error, J.C. claims that his right to a public hearing was violated because the court conducted the SYO invocation hearing remotely through a video hearing in light of the COVID-19 protocols enacted by the juvenile court at the time of the March 2021 hearing.

{¶ 19} We need not address this argument on the merits as presented. J.C. failed to preserve the issue for appeal by not objecting to the remote access hearing in a more timely fashion. *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, 73 N.E.3d 414, ¶ 133-134 (failure to object to the method of execution as a constitutional violation forfeits all but plain error), citing *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 377. "When the defendant forfeits the right to assert an error on appeal by failing to bring it to the trial court's attention in the first instance, an appellate court applies plain-error review." *State v. Jones*, 160 Ohio St.3d 314, 2020-Ohio-3051, 156 N.E.3d 872, ¶ 17, citing *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21-22. In order to demonstrate plain error, the party "must show (1) that an error occurred, (2) that the error was obvious, and (3) that the error affected the outcome of the trial." *Jackson* at ¶ 134, citing *State v.*

*Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240, and Crim.R. 52(B). Nevertheless, "[a]n appellate court has discretion to notice plain error and therefore 'is not required to correct it.'" *Jones* at ¶ 17, citing *Rogers* at ¶ 23.

{¶ 20} This is not the exceptional issue warranting our intervention. J.C. has not argued, let alone demonstrated, that the remote hearing as it was conducted prejudiced the outcome. We decline to impose limits on the juvenile court's ability to adapt to a global pandemic while maintaining its operations based on the limited arguments presented in this case. In light of the fact that invocation of the plain error doctrine is discretionary, we find no error here. The third assignment of error is overruled.

{¶ 21} In the fourth assignment of error, J.C. claims that the juvenile court erred by failing to impose the three-year mandatory period of postrelease control attendant to the three-year prison term imposed under the SYO dispositional sentence. J.C. is mistaken. In the order invoking the SYO dispositional sentence, the juvenile court indicated that the stayed three-year prison term included the mandatory three-year term of postrelease control for the second-degree felony burglary offense and J.C. was properly advised of the mandatory term of postrelease control in the adjudication of delinquency order. After reciting the terms of the SYO dispositional sentence in its entirety, the juvenile court terminated the term of supervised release (also referred to as parole) and ordered the SYO dispositional sentence into effect, which necessarily included the three-year mandatory term of

postrelease control.  In addition, J.C. was credited with 365 days of time served in the juvenile facility.  The fourth assignment of error is overruled.

{¶ 22} In the fifth and final assignment of error, J.C. challenges the imposition of the SYO dispositional sentence based on the claim that the state failed to properly initiate the SYO specification before adjudicating J.C. delinquent and imposing the stayed SYO sentence upon J.C.'s admission of guilt.  J.C.'s argument is precluded under the doctrine of res judicata.

{¶ 23} Under R.C. 2152.13(D)(3),

[a] child upon whom a serious youthful offender dispositional sentence is imposed under division (D)(1) or (2) of this section has a right to appeal under division (A)(1), (3), (4), or (5) of section 2953.08 of the Revised Code the adult portion of the serious youthful offender dispositional sentence when any of those divisions apply.  *The child may appeal the adult portion, and the court shall consider the appeal as if the adult portion were not stayed.*

(Emphasis added.)  Thus, under R.C. 2152.13(D)(3), the adult portion of the SYO dispositional sentence may be appealed in the direct appeal of the delinquency adjudication, including issues involving the validity of the SYO determination.  *See, e.g., In re T.D.R.*, 11th Dist. Lake No. 2014-L-109, 2015-Ohio-3541, ¶ 22.  That the legislature instructed the appellate court to consider the adult portion "as if [it] were not stayed" indicates an express intent to create a final appealable order over the SYO dispositional sentence after the delinquency adjudication despite the fact that the sentence is stayed pending service of the juvenile portion of the sentence.

{¶ 24} It is well settled that "[t]he doctrine of res judicata bars a convicted defendant from raising a defense or claiming a lack of due process that was or could

have been raised at trial or on direct appeal." *State v. Smith*, 8th Dist. Cuyahoga No. 108499, 2020-Ohio-1026, ¶ 7, citing *State v. Samuels*, 8th Dist. Cuyahoga No. 106520, 2018-Ohio-3675, ¶ 8, and *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Since J.C. could have raised the validity of the SYO dispositional sentence within the direct appeal from the adjudication of delinquency, he is precluded under the doctrine of res judicata from relitigating this issue through a collateral appeal of the trial court's invocation of the SYO dispositional sentence. The fifth assignment of error is overruled.

{¶ 25} Having overruled the five assignments of error presented for consideration, we affirm.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
LISA B. FORBES, J., CONCUR