[Cite as *State v. E.T.*, 2025-Ohio-1558.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

E.T.,

Alleged Delinquent Child
Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 MA 0093

---

Juvenile Appeal from the Court of Common Pleas,
Juvenile Court Division of Mahoning County, Ohio
Case Nos. 2020 JA 00599 JUV, 2020 JA 00866 JUV

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed in part, Reversed, Remanded.

---

*Atty. Lynn Maro,* Mahoning County Prosecutor*, Atty. Ralph M. Rivera, Atty. Kristie M. Weibling,* Assistant Mahoning County Prosecutors for Plaintiff-Appellee and

*Atty. Rhonda G. Santha*, for Defendant-Appellant.

Dated: April 30, 2025

**Robb, P.J.**

{¶1}    Appellant, E.T., appeals the September 26, 2024 judgment granting the state's motion to invoke the adult portion of E.T.'s September 6, 2024 dispositional sentence.  Appellant does not challenge the juvenile court's decision invoking the adult portion of his sentence.  Instead, Appellant argues the trial court erred by sentencing him to consecutive sentences without making the requisite statutory findings.  Appellant also contends the trial court erred by failing to state the actual number of days he has served in its judgment in contravention to R.C. 2152.14(F).

{¶2}    For the following reasons, we affirm in part and reverse and remand for the trial court to determine the total number of days Appellant has been held in detention under the juvenile portion of the dispositional sentence and direct it to include that determination in its judgment.

Statement of the Case

{¶3}    In August of 2020, E.T. was charged as an alleged delinquent child in case number 2020 JA 599 JUV.  He was alleged to have committed two counts of improperly discharging a firearm in a habitation.  Both counts had an attendant five-year firearm specification. (August 18, 2020 Complaint.)  E.T. initially entered a plea of denial.

{¶4}    E.T. was subsequently charged in case number 2020 JA 866 JUV via a complaint alleging he committed one count of escape and one count of assault, if he were an adult.  (December 9, 2020 Magistrate's Decision.)

{¶5}    E.T. entered pleas of admission in both cases.  In case number 2020 JA 599 JUV, he entered a plea of admission to one count of improper discharge of a firearm at or into a habitation in violation of R.C. 2923.161(A)(1), a second-degree felony, with a five-year firearm under R.C. 2941.146(A).

{¶6}    E.T. likewise entered a plea of admission in case number 2020 JA 866 JUV to escape, a second-degree felony in violation of R.C. 2921.34, and assault, a fifth-degree felony in violation of R.C. 2903.13.  (February 10, 2021 Plea Agreement.)

{¶7}    In exchange, the state agreed to move to dismiss the second count of improper discharge of a firearm into a habitation and the attendant five-year specification.  E.T. agreed he would be considered a serious youthful offender under R.C. 2152.11(C).

{¶8}   The parties agreed to a jointly recommended sentence under both the juvenile and adult dispositions.   For the juvenile disposition, the state and Appellant agreed, under case number 2020 JA 599 JUV, Appellant would be sentenced to a 12-month minimum commitment to ODYS with a five-year drive-by/firearm specification. Under case number 2020 JA 866 JUV, the parties agreed the juvenile disposition would be a 12-month minimum commitment to ODYS on count one and a six-month minimum commitment to ODYS on count two.  (February 10, 2021 Plea Agreement.)

{¶9}   As for the agreed sentencing recommendations for the adult sentences, the plea agreement states the parties agreed the adult sentences would be stayed and suspended upon successful completion of the imposed juvenile disposition.  The agreed upon adult portion of the plea agreement states:

ADULT SENTENCES:

**20 JA 599**

Count one:  6 YEAR SENTENCE TO THE OHIO DEPARTMENT OF REHABILATION AND CORRECTIONS ON THE CHARGE OF IMPROPER DISCHARGE OF A FIREARM INTO A HABITATION WITH A 5 YEAR DRIVE-BY/FIREARM SPECIFICATION

**20 JA 866**

Count one:  6 YEAR SENTENCE TO THE OHIO DEPARTMENT OF REHABILATION AND CORRECTIONS ON THE CHARGE OF ESCAPE

Count Two:  12 MONTH SENTENCE TO THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS ON THE CHARGE OF ASSAULT

Sentences to run consecutive

For a total of 18 years, 5 years of which is a Mandatory 5 year sentence for the drive-by/firearm specification with 5 years of Post Release Control with Ohio Adult Parole Authority

(February 10, 2021 Plea Agreement.)

{¶10} During the plea hearing, the court verified what charges Appellant was admitting to, the agreed sentences, and that the charges would run consecutively. (February 2, 2021 Plea Hearing Tr. 37-38.)  The parties and court agreed the disposition

was agreed upon. Regarding the adult sentence, the court stated that if the adult sentence is enacted,

> on Case Number 20 JA 599, Count One, [E.T.] shall receive a six-year sentence . . . on the charge of improper discharge of a firearm into a habitation, with a five-year drive-by firearm specification. On 20 JA 866 on Count One, he shall receive a six-year sentence . . . on the charge of escape. … In Count Two of that same case, a 12-month sentence . . . on the charge of assault. . . . The sentences are to run consecutive, for a total of 18 years, 5 years which is a mandatory 5-year sentence for the drive-by firearm specification with a 5-year post-release control commitment.

(February 2, 2021 Plea Hearing Tr. 41-42.)

{¶11} The trial court accepted Appellant's plea of admission and found him to be a delinquent child. The court accepted the plea agreement and recommendations contained in it. The court found it had discretion to impose and suspend an adult sentence pursuant to R.C. 2152.11(A)(2), (the child used or brandished a firearm during the act charged), and R.C. 2152.11(D)(2)(a) (act would be a first-degree felony committed while youth was 16 or 17 years old). It deemed Appellant a serious youthful offender. The court found in part that the serious youthful offender sentence was agreed upon by the parties and Appellant committed an offense that would be a first-degree felony if committed by an adult. The court stated, "this Court sentences the Subject Child to a Prison Term at the Ohio Department of Rehabilitation and Correction for institutionalization in a secure facility up to a 13 year prison term . . . on a First Degree Felony and 5 year mandatory term for Firearm Specification, to be served prior to and consecutive to the underlying offense."

{¶12} The court suspended the SYO sentence and held it in abeyance pending successful completion of the juvenile disposition. The court stated in part, "[i]f the SYO commitments are imposed, they shall run consecutive to one another." (February 10, 2021 Judgment.)

{¶13} More than three years later, the state moved to invoke the adult portion of the juvenile commitment, indicating there was reasonable cause to believe the delinquent child had engaged in conduct creating a substantial risk to the safety and security of the

institution in which he was housed by committing acts in violation of the conditions of his supervision. In support of its motion, the state attached hundreds of pages of youth incident summary reports regarding Appellant. (June 4, 2024 Motion.)

{¶14} A hearing was held during which several witnesses testified outlining Appellant's behavior and rule violations during his detention. Appellant was involved in gang related activity during his juvenile detention. The facility supervisor in which Appellant was housed testified Appellant had 157 conduct rule violations during a two-year period. The offenses included assaults on staff members and other youths, disruptive behavior, destruction of property, and fighting. Appellant had opportunities to rehabilitate. (September 6, 2024 Tr. 10-11.) The evidence offered also included photos and videos depicting Appellant's use of gang signs and assaults on other youth. (September 6, 2024 Tr. 94-95; 103-104.)

{¶15} The trial court granted the motion to invoke the adult portion of the dispositional sentence. It found Appellant met the criteria as a serious youthful offender, and the youth was delinquent as a serious youthful offender. The court lifted the stay of the adult sentence and invoked the adult portion of the sentence. It ordered Appellant to serve a total of 156 months (13 years) at the Ohio Department of Rehabilitation and Corrections and a five-year mandatory term for the specification to be served prior to and consecutive to the underlying term. The court ordered the adult prison terms contained in the serious youth offender agreement to run consecutive. The court also stated Appellant was subject to post-release control supervision for five years upon his release from prison. (September 26, 2024 Judgment.)

{¶16} Appellant raises two assignments of error.

Assignments of Error

{¶17} Appellant's first assigned error contends:

"The Mahoning County Juvenile Court violated Ohio Revised Code 2929.14(C) when it sentenced Appellant to consecutive terms of imprisonment without making the requisite statutory findings."

{¶18} Appellant contends the adult consecutive sentencing requirements apply when a juvenile court imposes an adult sentence (under SYO) pursuant to R.C. 2152.13(D)(1)(a). And because the sentencing court did not make the mandatory

sentencing findings, Appellant claims the imposition of consecutive sentences was contrary to law.

**{¶19}** The state counters that the sentence is not contrary to law since it is not reviewable as an agreed upon sentence. The state also asserts, assuming the sentence is subject to review, the issue is not properly before us since Appellant would have had to raise it in a direct appeal from the trial court's February 10, 2021 judgment.

**{¶20}** For the following reasons, Appellant's sentence is not contrary to law because it is an agreed upon sentence. R.C. 2953.08(D)(1). We also conclude Appellant's argument is precluded by res judicata.

**{¶21}** The Supreme Court of Ohio has explained the serious youthful offender framework, stating:

> A juvenile charged as a potential serious youthful offender does not face bindover to an adult court; the case remains in the juvenile court. Under R.C. 2152.11(A), a juvenile defendant who commits certain acts is eligible for "a more restrictive disposition." That "more restricted disposition" is a "serious youthful offender" disposition and includes what is known as a blended sentence—a traditional juvenile disposition coupled with the imposition of a stayed adult sentence. R.C. 2152.13. The adult sentence remains stayed unless the juvenile fails to successfully complete his or her traditional juvenile disposition. R.C. 2152.13(D)(2)(a)(iii). Theoretically, the threat of the imposition of an adult sentence encourages a juvenile's cooperation in his own rehabilitation, functioning as both carrot and stick.

*State v. D.H.*, 2009-Ohio-9, ¶ 18.

**{¶22}** R.C. 2152.13(D)(3) states:

> A child upon whom a serious youthful offender dispositional sentence is imposed under division (D)(1) or (2) of this section has a right to appeal under division (A)(1), (3), (4), or (5) of section 2953.08 of the Revised Code the adult portion of the serious youthful offender dispositional sentence when any of those divisions apply. The child may appeal the adult portion, and the court shall consider the appeal as if the adult portion were not stayed.

Case No. 24 MA 0093

{¶23} Thus, pursuant to R.C. 2152.13(D)(3), the adult portion of the SYO dispositional sentence should be appealed when the court imposes the delinquency adjudication and the stayed adult sentence.

{¶24} "That the legislature instructed . . . appellate court[s] to consider the adult portion 'as if [it] were not stayed' indicates an express intent to create a final appealable order over the SYO dispositional sentence after the delinquency adjudication despite the fact that the sentence is stayed pending service of the juvenile portion of the sentence." *In re J.C.*, 2021-Ohio-4313, ¶ 23 (8th Dist.). Thus, the Eighth District held res judicata precludes an appellant from raising this issue in an appeal from the trial court's decision to invoke the SYO sentence because the sentence is appealable in a direct appeal from the delinquency adjudication. *Id.* at ¶ 24; *see In re T.D.R.*, 2015-Ohio-3541, ¶ 19, 22 (11th Dist.) (rejecting the state's argument that appellant's SYO sentence is not ripe for review); *see also In re J.V.*, 2012-Ohio-4961, ¶ 8 ("When the juvenile court invoked the stayed sentence because J.V. did not successfully complete his juvenile disposition, the judge . . . merely removed the stay. The sentence had already been imposed.")

{¶25} An examination of R.C. 2152.13(D)(3) confirms this issue could have been raised in 2021, and as such, the doctrine of res judicata applies.

> Res judicata applies to issues actually presented in the original action and to issues that could have been presented for adjudication. *McGinnis v. Donatelli* (1987), 36 Ohio App.3d 120, 121, 521 N.E.2d 513. The doctrine of res judicata is applied to prevent repeat attacks upon a final judgment. *Stromberg v. Bd. of Edn. of Bratenahl* (1980), 64 Ohio St.2d 98, 100, 413 N.E.2d 1184.

*Indian Creek Local School Dist. Bd. of Edn. v. Indian Creek Edn Ass'n*, 1996 WL 65933 (7th Dist. Feb. 12, 1996). Because the sentence was appealable upon the issuance of the trial court's February 10, 2021 judgment, res judicata precludes our review of the issue at this juncture.

{¶26} Furthermore, as detailed in the Statement of the Case, the trial court adopted Appellant's plea agreement including the agreed upon sentence. The parties agreed the stated sentences were to run consecutively for a total of 18 years, 5 years which is a mandatory sentence for the drive-by firearm specification. (February 2, 2021

Plea Hearing Tr. 41-42.)  This was the same adult sentence included in Appellant's written plea agreement and detailed and adopted by the trial court in its February 10, 2021 judgment.

**{¶27}** The issue before us was fully addressed by the Ohio Supreme Court in *State v. Sergent*, 148 Ohio St.3d 94 (2016).  *Sergent* held that when a court imposes a jointly agreed upon sentence that includes discretionary consecutive sentences, the sentence is "authorized by law" and is not reviewable on appeal pursuant to R.C. 2953.08(D)(1).  This is true even if the trial court does not make the requisite consecutive sentence findings.  *Id.* at ¶ 29-43.

**{¶28}** R.C. 2953.08(D)(1) states:  "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."  Accordingly, we find Appellant's sentence is not reviewable, and as such, this assigned error lacks merit.

**{¶29}** Appellant's second assigned error asserts:

"The Juvenile Court violated Ohio Revised Code 2152.14(F) when it failed to state the actual number of days Appellant had already served."

**{¶30}** Appellant contends and the state agrees the trial court erred by failing to include the number of days Appellant actually served in juvenile detention in its judgment.  We agree.

**{¶31}** R.C. 2152.14(F) states in part:

If a juvenile court issues an order invoking the adult portion of a serious youthful offender dispositional sentence under division (E) of this section, the juvenile portion of the dispositional sentence shall terminate, and the department of youth services shall transfer the person to the department of rehabilitation and correction or place the person under another sanction imposed as part of the sentence. *The juvenile court shall state in its order the total number of days that the person has been held in detention or in a facility operated by, or under contract with, the department of youth services under the juvenile portion of the dispositional sentence.*  The time the person must serve on a prison term imposed under the adult portion of the

dispositional sentence shall be reduced by the total number of days specified in the order plus any additional days the person is held in a juvenile facility or in detention after the order is issued and before the person is transferred to the custody of the department of rehabilitation and correction.

(Emphasis added.)

**{¶32}** As alleged, the court did not state in its judgment the actual number of days Appellant was held in detention under the juvenile portion of his sentence. The state concedes this was error. Consequently, we reverse and remand for the trial court to determine the actual number of days served and for it to include this determination in its judgment.

## Conclusion

**{¶33}** We affirm Appellant's sentence, but reverse and remand for the trial court to determine the total number of days Appellant has been held under the juvenile portion of his dispositional sentence and include that determination in its judgment, consistent with R.C. 2152.14(F).

Hanni, J., concurs.

Dickey, J., concurs.

Case No. 24 MA 0093

_____

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that the sentence of the Court of Common Pleas, Juvenile Division of Mahoning County, Ohio, is affirmed in part. We hereby reverse and remand this matter to the trial court to determine the total number of days Appellant has been held under the juvenile portion of his dispositional sentence and include that determination in its judgment, consistent with R.C 2152.14 (F) according to law and consistent with this Court's Opinion. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**